**Lloyd Elton BODDIE, Jr.,
Plaintiff–Appellant,**

v.

**J. BRADLEY, Correctional Officer,
et al., Defendants–Appellees.**

**No. 02–0135–PR.**

United States Court of Appeals,
Second Circuit.

May 4, 2005.

Lloyd Elton Boddie, Elmira Correctional Facility, Elmira, New York, for Plaintiff–Appellant, pro se.

Julie M. Sheridan, Assistant Solicitor General (for Eliot Spitzer, Attorney General of New York), Albany, New York, for Defendants–Appellees.

PRESENT: SOTOMAYOR, B.D. PARKER, and HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Lloyd Elton Boddie, *pro se*, appeals from a district court judgment dismissing his 42 U.S.C. §§ 1983 and 1985 complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to satisfy the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). Boddie brought suit against Corrections Officers Bradley, Barber, Lamar, Harvey, Schaap, Callanan, Naylor, and Scrocki. *See* ROA doc. 1 (Complaint). Boddie alleged that the defendants-appellees had violated his constitutional rights by, *inter alia*, failing to inform him that he had legal mail, filing false misbehavior reports against him, subjecting him to unsanitary cell and food service conditions, stealing his personal property, retaliating against him for making a complaint, and assaulting him. *Id.* Previously, this Court entered an order staying Boddie's appeal pending this Court's decision in *Giano v. Goord*, 380 F.3d 670 (2d Cir.2004). On August 18, 2004, this Court issued its decision in *Giano*.

In his inmate civil rights complaint form, Boddie stated that he had filed no grievances relating to the incidents alleged in his complaint because there was "[n]o relief on the State level to Federal constitution question of law." *See* ROA doc. 1, at 2, 3. In the body of his complaint, however, he stated that he had filed formal complaints with respect to some of the incidents alleged in his complaint by writing letters to various corrections officials, but that he received no response. *See id.* at 4D, 3, 10, 38. He also claimed that one of the allegedly false misbehavior reports filed against him was filed in retaliation for his having filed a complaint. *See id.* at 8. Boddie submitted no additional information about the substance or outcome of his complaints and did not file copies of his letters with the district court.

The defendants-appellees moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing, *inter alia*, that Boddie had failed to exhaust his administrative remedies. Boddie was given an opportunity to respond to the motion, but failed to provide additional evidence that he had exhausted his administrative remedies. Finding "no dispute that Boddie did not file grievances regarding any of the seventeen incidents alleged in his complaint," a magistrate judge issued a Report–Recommendation advising the district court to dismiss most of Boddie's claims for failure to exhaust his administrative remedies. *See* ROA doc. 50. Boddie objected to the Report–Recommendation, arguing that filing a grievance would have been useless because he would not have been afforded the monetary relief he was seeking. *See* ROA doc. 55. He also stated that, even though he had written a letter of complaint about some of the alleged incidents, he had never received any reply, "even after further letter to DOSC [*sic*] center office." *Id.* The district court granted the motion to dismiss, noting that Boddie had "admittedly failed to exhaust administrative remedies" regarding the incidents alleged in his complaint and finding that there was "no futility or other exception to this statutory exhaustion requirement." *See* ROA doc. 60.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6). *See Ortiz v. McBride*, 380 F.3d 649, 653 (2d Cir.2004). We accept all the material allegations of the complaint, and will not affirm a district court's dismissal unless it appears beyond doubt that a plaintiff can present no set of supporting facts that would entitle him to relief. *See*

*Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002). This rule applies with "particular force" in cases where a plaintiff proceeds *pro se* or alleges civil rights violations. *See id.* (internal citations and quotation marks omitted). "[W]hen addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *See id.* (internal citations and quotation marks omitted). "We similarly review a district court's ruling on whether a plaintiff whose claim is governed by the PLRA has exhausted administrative remedies de novo." *Ortiz,* 380 F.3d at 653.

In *Hemphill v. New York,* 380 F.3d 680 (2d Cir.2004), this Court held that district courts should conduct a three-part inquiry to determine whether a prisoner has sufficiently exhausted administrative remedies under the PLRA. *See Hemphill,* 380 F.3d at 686. First, the court should ask "whether administrative remedies were in fact 'available' to the prisoner." *Id.* (citing *Abney v. McGinnis,* 380 F.3d 663 (2d Cir. 2004)). Second, the court should consider whether the defendants "forfeited the affirmative defense of non-exhaustion by failing to raise or preserve it" or are otherwise estopped from raising the defense. *Id.* (citing *Johnson v. Testman,* 380 F.3d 691 (2d Cir.2004)). Third, the court "should consider whether 'special circumstances' have been plausibly alleged that justify 'the prisoner's failure to comply with administrative procedural requirements.'" *Id.* (citing *Giano,* 380 F.3d 670). Because *Hemphill, Giano, Johnson,* and *Abney* were decided after the district court's dismissal of Boddie's complaint, the district court did not have the benefit of this framework in considering whether Boddie's claims had been sufficiently exhausted.

■ Despite his initial statement to the contrary, Boddie's complaint and his objection to the Report–Recommendation indicate that he made some complaints, in the form of letters to various corrections officials, regarding certain of the incidents alleged in his complaint. Based on Boddie's statement on the inmate civil rights complaint form that he had not filed any grievances, both the magistrate judge and the district court concluded that there was "no dispute" that Boddie had not exhausted his administrative remedies. However, neither the magistrate judge nor the district court addressed Boddie's claims, in the body of his complaint, that he had filed letter complaints about various incidents alleged in his complaint. In *Johnson,* this Court held that uncounselled inmates cannot be expected to satisfy a standard more stringent than that of a notice pleading when navigating prison administrative procedures. *See Johnson,* 380 F.3d at 697. Thus, we remanded to the district court to determine whether a prisoner's disciplinary appeals had been sufficient to "'alert[] the prison to the nature of the wrong for which redress is sought.'" *Id.* (quoting *Strong v. David,* 297 F.3d 646, 650 (7th Cir.2002)). Here, because the district court did not address Boddie's letters of complaint, it did not consider whether those letters were sufficient to satisfy Boddie's exhaustion requirements. In addition, Boddie now claims that he appealed the misbehavior reports filed against him and that these appeals should be sufficient to exhaust his claims based on those misbehavior reports. Although Boddie raises this issue for the first time on appeal, the fact that a prisoner's administrative appeals from a disciplinary proceeding could satisfy PLRA exhaustion requirements was not manifestly obvious prior to this court's decision in *Johnson. See Johnson,* 380 F.3d at 697. As a *pro se* litigant, prior to our decision in *Johnson,*

Boddie could not have been expected to raise the issue below. Thus, on remand the district court should determine (1) whether Boddie's letters of complaint sufficed to put the defendants on notice and give them an opportunity to address Boddie's complaints internally, *see id.* ("In order to exhaust ... inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures."); and (2) whether Boddie's appeals of the misbehavior reports filed against him were "enough to 'alert [ ] the prison to the nature of the wrong for which redress is sought,'" *id.* (quoting *Strong,* 297 F.3d at 650).

■ In addition, although Boddie offered two reasons for his failure to file grievances—that no relief was available for his constitutional claims and that he could not recover any monetary damages—the district court rejected Boddie's excuses, concluding that there was "no futility or other exception" to the exhaustion requirement. In *Giano* and *Hemphill,* this Court held, contrary to the district court's conclusion, that there may be exceptions to the exhaustion requirement if a prisoner's failure to exhaust is justified by "special circumstances." *Giano,* 380 F.3d at 675–76; *Hemphill,* 380 F.3d at 689. We stated that, to determine whether special circumstances justified a prisoner's failure to exhaust, a court must consider "the circumstances which might understandably lead usually uncounselled prisoners to fail to grieve in the normally required way." *Giano,* 380 F.3d at 678. Because the district court's decision foreclosed any possibility that Boddie's failure to grieve could have been justified by special circumstances, the district court should also consider on remand whether Boddie was so justified.

For the reasons set forth above, the judgment of the district court is hereby VACATED and the matter is remanded for further proceedings in accordance with this order. The pending motions are denied as meritless.