**Maurice ERBY, Plaintiff–Appellant,**

v.

**Jennifer KULA, Defendant–Appellee.**

No. 03–1392.

United States Court of Appeals, Sixth Circuit.

April 28, 2004.

Maurice Erby, Ionia, MI, pro se.

Kevin M. Thom, Asst. Atty. General, H. Steven Langschwager, Office of the Attor-ney General, Lansing, MI, for Defendant–Appellee.

Before GUY and GILMAN, Circuit Judges; and BARZILAY, Judge.*

### ORDER

Maurice Erby, a Michigan prisoner proceeding pro se, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking declaratory and monetary relief, Erby sued Jennifer Kula, a Lieutenant at the Ionia Maximum Facility ("IMF"), alleging that the defendant violated his Eighth and Fourteenth Amendment rights on two occasions, March 20, 2001 and April 17, 2001, by permitting him to be assaulted and by administering chemical agents when attempting to remove him from his cell on those occasions. The defendant moved to dismiss. The matter was referred to a magistrate judge who issued a report recommending that the complaint be dismissed, without prejudice, on exhaustion grounds. Specifically, the magistrate judge concluded that Erby had failed to exhaust his claims regarding the April 17, 2001 incident. The district court adopted the magistrate judge's report and recommendation after Erby failed to file objections. Judgment was entered October 29, 2002. On November 7, 2002 and November 12, 2002, respectively, Erby filed two motions to alter or amend the district court's October 29, 2002 judgment. The district court denied the motions in an order entered December 2, 2002. On De-

---

* The Honorable Judith M. Barzilay, United States Court of International Trade, sitting by designation.

cember 23, 2002, Erby filed a motion for relief from judgment pursuant to Fed. R.Civ.P. 60(b)(3). The district court denied the motion in an order entered February 20, 2003. This appeal followed.

■ Initially, we note that Erby's appeal is jurisdictionally defective with regard to the underlying dismissal on exhaustion grounds. Although the two motions to alter or amend the October 29, 2002, order tolled the appeal period, the motion for relief from judgment was filed on December 23, 2002, more than ten days after the December 2, 2002, order denying the two motions to alter or amend the October 29, 2002 order. It failed to toll the appeal period. Therefore, the appeal is treated as having been taken from the order which denied Erby's Rule 60(b) motion.

An appeal from the denial of a Rule 60(b) motion does not bring the underlying judgment up for review. *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995) (collecting cases); *United States v. Grable,* 25 F.3d 298, 301–02 (6th Cir.1994). The denial of such a motion is examined on appeal for an abuse of discretion. *Hood,* 59 F.3d at 42. An abuse of discretion occurs when the reviewing court is firmly convinced that a mistake has been made. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir. 1995).

A Rule 60(b) motion "may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 268 (6th Cir. 1998). Erby's motion specifies subsection (3).

■ Upon review, we conclude that the district court did not abuse its discretion in denying Erby relief from judgment. In his Rule 60(b) motion, Erby simply reiterated claims that were previously raised in his opposition to the defendant's motion to dismiss and in his earlier motions to alter or amend judgment. None of those arguments involved fraud or misrepresentation.

■ Erby also argued that relief from judgment was appropriate based on his new submission of a notarized copy of a letter sent to Michigan Department of Corrections Director William Overton on September 10, 2002, which purported to complete exhaustion of his April 17, 2001, claim. This court squarely has held that a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999). The administrative process must be complete before the prisoner files an action in federal court. *Id.* As pointed out by the district court, the letter sent by Erby on September 10, 2002, is irrelevant to the sufficiency of Erby's attempts to exhaust his claims prior to the filing of this lawsuit on March 20, 2002. The Rule 60(b) motion was properly denied.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.