Lloyd Elton BODDIE, Jr.,
Plaintiff–Appellant,

v.

J. BRADLEY, Correctional Officer; D.
Barber, Correctional Officer; M. La-
mar, Correctional Officer; Mr. Har-
vey, Hearing Officer; M. Schaap,
Correctional Officer; P. Callanan,
Correctional Counselor; W. Naylor,
Correctional Officer; and G. Scrcki,
Lieutenant, Defendants–Appellees.

No. 06–0899(pr).

United States Court of Appeals,
Second Circuit.

Feb. 16, 2006.

Lloyd Elton Boddie, Jr., pro se, Elmira, NY, on submission, for Plaintiff.

Jule M. Sheridan, Assistant Solicitor General (for Eliot Spitzer, Attorney General for the State of New York), Albany, NY, for defendants-appellees, on submission.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Lloyd Elton Boddie, pro se, in a complaint brought pursuant to 42 U.S.C. §§ 1983 and 1985, alleges that defendants-appellees, eight New York State Department of Correctional Services ("DOCS") employees, violated his constitutional rights by, *inter alia,* filing false misbehavior reports, interfering with his access to legal mail, subjecting him to unsanitary food and living conditions, assaulting him, stealing his personal property, and failing to provide timely disciplinary hearings.[1]

Following a previous appeal, we remanded the case to the district court for further proceedings in light of our decisions in *Giano v. Goord,* 380 F.3d 670 (2d Cir. 2004), *Hemphill v. New York,* 380 F.3d 680 (2d Cir.2004), and *Johnson v. Testman,* 380 F.3d 691 (2d Cir.2004). *See Boddie v. Bradley,* 129 Fed.Appx. 658 (2d Cir.2005) (unpublished summary order). On remand, the District Court for the Northern District of New York (McAvoy, *J.*), 2006 WL 162996, dismissed Boddie's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a). Boddie now appeals that judgment. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

This Court reviews *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff. *See Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000). The Prison Litigation Reform Act ("PLRA") states in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Since the district court's decision in this case, the Supreme Court decided *Woodford v. Ngo,* — U.S. ——, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). In *Woodford,* the Court held that the PLRA requires "[p]roper exhaustion," which "demands compliance with an agency's deadlines and other critical procedures." *Id.* at 2386. At present, we need not decide if and how

---

1. Accompanying his current appeal, plaintiff Boddie submits copies of new Inmate Grievance Complaints that he filed in January, 2007. These complaints allege new constitutional violations that are not properly before us at the present time. *See* 42 U.S.C. § 1997e(a).

*Woodford* affects this Court's PLRA exhaustion scheme as laid out in *Giano*, 380 F.3d 670, *Hemphill*, 380 F.3d 680, and *Johnson*, 380 F.3d 691, for we find that plaintiff Boddie has failed to meet the exceptions to technical exhaustion under the PLRA as set out in those cases.

■ Under the DOCS regulations, Boddie was required to submit complaints on an inmate grievance form within 21 days of each alleged violation. 7 N.Y.C.R.R. § 701.5. Boddie does not contest that he did not follow this initial step, sending letters of complaint directly to DOCS officials instead. **Defendants' memorandum at 2.** When we last remanded this case to the district court, we asked it to consider whether Boddie had filed any disciplinary appeals that satisfy PLRA exhaustion requirements under *Johnson*, 380 F.3d at 697. However, Boddie did not submit to the district court or to this Court any disciplinary appeals related to the claims at issue in this case. We find that the letters that Boddie sent directly to DOCS officials are not, on their own, sufficient to meet the § 1997e(a) exhaustion requirement as interpreted in *Johnson*.

■ Nor do "special circumstances" exist in this case to justify Boddie's failure to file grievances in the proper manner. *See Giano*, 380 F.3d at 678; *Hemphill*, 380 F.3d at 689. Unlike the plaintiffs in *Giano* and *Hemphill*, Boddie does not contend that he reasonably relied on DOCS regulations in writing letters directly to supervisory officials. 380 F.3d at 676; 380 F.3d at 689–90. Instead, the plaintiff argued to the district court that he did not file inmate grievance forms because an initial grievance proceeding could provide no relief for his constitutional claims or for his requests for monetary damages. Dist. Ct. Op. at 6 Neither of these arguments provide "special circumstances" justifying Boddie's failure to follow the mandates of the DOCS regulations. *See Booth v.*

*Churner*, 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); 42 U.S.C. § 1997e(a).

For these reasons, we affirm the judgment of the district court.

