Willie JOHNSON, Plaintiff,

v.

Jon E. OZMINT, Director of S.C. Department of Corrections, Defendant.

C.A. No. 0:07–cv–3027–PMD–BM.

United States District Court, D. South Carolina.

June 20, 2008.

Willie Johnson, Ridgeville, SC, pro se.

Heath McAlvin Stewart, III, Roy F. Laney, Thomas Lowndes Pope, Riley Pope and Laney, Columbia, SC, for Defendant.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon the Magistrate Judge's recommendation that (1) Defendant's Motion for Summary Judgement be granted; (2) that Plaintiff's federal constitutional claim with respect to the debiting of his trust account be dismissed with prejudice; (3) that the remainder of Plaintiff's federal claims be dismissed, without prejudice, for failure to exhaust administrative remedies and/or pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); and (4) that Plaintiff's remaining claims be remanded to state court. The Record contains a Report and Recommendation ("R & R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B). A dissatisfied party may object, in writing, to an R & R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Plaintiff filed timely objections to the R & R.

### BACKGROUND

Plaintiff Willie Johnson ("Plaintiff" or "Johnson") filed suit against Defendant Jon E. Ozmint ("Defendant") in the Court of Common Pleas of Richland County on June 7, 2007. The Defendant subsequently removed the case to this court on the basis of federal question jurisdiction, asserting in his notice of removal that Plaintiff was seeking relief pursuant to the United States Constitution and federal statutes. Defendant thereafter filed a Motion to Dismiss or in the alternative a Motion for Summary Judgment[1] on January 31, 2008. A *Roseboro* order was entered by the court on February 1, 2008, advising Plaintiff of the importance of a Motion for Summary Judgment and of the need for him to file an adequate response. After receiving an extension of time, Plaintiff filed a Response in Opposition to the Defendant's Motion for Summary Judgment on March 14, 2008, and an additional Response in Opposition on March 27, 2008.

---

1. Although Defendant has styled this document as a Motion to Dismiss or alternatively a Motion for Summary Judgment, this court has considered Defendant's evidence submitted outside of the pleadings and therefore will proceed under Rule 56 of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(d).

Magistrate Judge Bristow Marchant filed a Report and Recommendation on April 7, 2008, and Plaintiff filed timely Objections on or about April 18, 2008.

Plaintiff alleges in his verified Complaint[2] that his constitutional rights have been violated by the Defendant through the debiting of his E.H. Cooper Trust Account to cover costs for legal copies, postage, and supplies. Plaintiff alleges that his indigent status entitles him to free postage and copies; that the State of South Carolina has allocated funds for legal copies, postage, and supplies; and that Defendant, therefore, is unconstitutionally refusing to provide money for these purposes. (Compl. at 1–2.)

Plaintiff's second cause of action alleges that although the State has appropriated funds for inmates' medical services, Defendant is improperly debiting his E.H. Cooper Trust Account for that purpose. Plaintiff further alleges that he is being denied "meaningful participation in rehabilitative programs," including a prison job, that the South Carolina Department of Corrections ("SCDC") does not properly screen inmates to determine their needs or program placements, nor does it provide sufficient safeguards to assure there are sufficient staff professionals capable of making decisions on rehabilitative needs. (Compl. at 2–3.)

Plaintiff further claims that he has been improperly classified, because Defendant has improperly changed his sentence from "a period of his life" to "life in prison." (Compl. at 4.) In another cause of action, Plaintiff alleges he is illegally detained because the trial judge "failed to actually sign the commitment order" and "improperly signed the face of the indictment."

Plaintiff further alleges that he received an improper sentence, and that he should have been subjected to a "maximum sentence of 10 years." (Compl. at 6–7.)

In a fifth cause of action, Plaintiff claims that he is being triple celled in violation of his constitutional rights. Plaintiff also claims that Defendant places prisoners in "double celled segregation" and asserts that this practice is also unconstitutional. Plaintiff alleges that the prison staff level is inadequate to serve the present population level, and this inadequacy fosters lawlessness and violence. Plaintiff further alleges that he is improperly fed, that medical services are inadequate, that the law library is inadequate—thereby restricting access to the courts—and that job, school, and rehabilitation opportunities are similarly inadequate. (Compl. at 7–8.)

Plaintiff complains that on or about May 11, 2007, the Defendant's employees deprived him of access to his cell for about an hour. Plaintiff alleges he was provided inadequate notice that the cells would be locked and that the Defendant's employees abused their discretion in doing so. Plaintiff claims that this prevented him from releasing his "bodily functions" and that this was done out of retaliation by Defendant's employee "Lt. G. Smalls," who had a "beef" against certain inmates. Plaintiff also complains that he was moved out of his cell because he was a non-worker, and that SCDC improperly segregates workers and non-workers. (Compl. at 8–10.)

In a seventh cause of action, Plaintiff claims that Lt. Smalls defamed him by accusing him of stealing a computer disk. Plaintiff alleges that this "greatly im-

---

**2.** "[A] *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge."

*Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir.1991) (citing *Davis v. Zahradnick,* 600 F.2d 458, 459–60 (4th Cir.1979)).

paired" his character, and as a result, he was reduced in custody. Plaintiff further alleges that he was improperly charged with "abuse of privilege" in connection with this incident. (Compl. at 10–11.)

In a proposed amended and supplemental complaint, Plaintiff asserts that Defendant has committed "neglective duty" by allowing employee "Major Marbull" to promulgate a policy requiring non-working inmates to remain in lock-down until eight o'clock. (Am. Compl. at 1–3.)

Plaintiff alleges that all of these actions have caused him to suffer severe anxiety, emotional distress and mental anguish, that his character has been defamed, and that he is therefore entitled to monetary damages in excess of two billion dollars. (Compl. at 11–12.)

In support of his Motion for Summary Judgment, Defendant has submitted an affidavit from Mary Coleman, Chief of the Inmate Grievances Branch of SCDC. Coleman attests that on March 1, 2006, Plaintiff filed a grievance in which he complained that $23.73 had been debited from his prisoner trust account for legal copies, postage, and supplies. (Coleman Aff. ¶ 2.) Coleman attests that this grievance was denied; that Plaintiff was informed indigent inmates are provided writing materials on a monthly basis; and that if he desired additional materials, the cost of those materials would be deducted from his account. (*Id.* ¶ 3.) Plaintiff appealed the denial of this grievance to the South Carolina Administrative Law Court, which dismissed the appeal. (*Id.* ¶ 4.)

Coleman attests that Plaintiff filed another grievance on May 21, 2007, complaining that he was denied access to his cell and requesting monetary damages. (*Id.* ¶ 5.) Coleman attests that this grievance was denied and that Plaintiff did not appeal this decision. (*Id.*) Coleman further attests that Plaintiff has not filed any grievances regarding his commitment order, overcrowded conditions, lack of rehabilitation, or defamation. (*Id.* ¶ 6.) She attached copies of Plaintiff's inmate grievance forms to her affidavit, and Defendant provided a copy of Plaintiff's commitment order as well as copies of the SCDC policies and procedures governing inmate care, rights, and responsibilities. (*See* Mot. for Summ. J. Exs.)

Plaintiff has attached numerous documents to his Response in Opposition to Defendant's motion, including an affidavit relating to a state court case, an affidavit of an inmate attesting to Defendant's practice of triple-celling, copies of correspondence addressing Plaintiff's housing assignment and his request for an inmate job, some paperwork dealing with a disciplinary infraction, documents relating to questions Plaintiff had about the computation of his sentence, and a newspaper article discussing triple celling of inmates. Plaintiff has also attached copies of correspondence with prison staff concerning good time credits and money being taken out of his trust account as well as his housing assignment and access to his cell. (*See* Resp. in Opp'n Exs.)

## STANDARD OF REVIEW

### A. Magistrate Judge's R & R

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R & R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R & R. 28 U.S.C. § 636(b) (1). After a review of the entire record, the R & R, and Plaintiff's objections, the court finds Plaintiff

has highlighted a minor inaccuracy[3] pertaining to the facts and the court therefore modifies the discussion of the facts. However, the Magistrate Judge has applied the correct principles of law. Accordingly, the court adopts the R & R to the extent it is consistent with this order.

**B. Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 123–24 (4th Cir.1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.,* 947 F.2d 115, 119 (4th Cir.1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The "obligation of the nonmoving party 'is particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole,* 48 F.3d 1376, 1381 (4th Cir.1995) (quoting *Pachaly v. City of Lynchburg,* 897 F.2d 723, 725 (4th Cir.1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.[4]

*ANALYSIS*

Following the Magistrate Judge's R & R, Plaintiff filed a number of objections.[5] First, Plaintiff asserts that the R & R mischaracterizes Plaintiff's Complaint at page six, section twelve. After a review of

---

3. Plaintiff asserts that the R & R mischaracterizes Plaintiff's Complaint at page six, section twelve. It appears the Magistrate Judge indicated Plaintiff alleged the trial judge did not sign the indictment when in fact the document about which Plaintiff complains is the commitment order. (*See* Objections at 2.)

4. Plaintiff objects to the Magistrate Judge's finding that Defendant met the required burden for summary judgment in his favor. (Objections at 14.) Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper where, according to the pleadings and all other evidence presented in the case, there is *no genuine issue as to any material fact* and the movant is entitled to judgment as a matter of law. The remainder of this order will show, and this court finds, that *the Magistrate Judge properly applied the summary judgment standard in this case.*

5. Plaintiff's objections include a lengthy discussion of pendent jurisdiction. In his action originally filed in state court, Plaintiff asserted several claims under various state statutes and the South Carolina Constitution. However, this Court declines to exercise pendent jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) and remands Plaintiff's state law claims to state court. Remand of this case will allow the more appropriate court to rule on the remaining state law issues. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (courts must consider various factors including judicial economy, fairness and convenience to the parties, and comity when determining whether to exercise pendent jurisdiction); *see also Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 349–50, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

the Complaint, it appears that the Magistrate Judge misunderstood Plaintiff's allegations; nevertheless, the legal analysis remains unchanged. As this Court understands it, Plaintiff claims that the trial judge failed to sign, in his own handwriting, the face of the commitment order, and only properly signed the indictment.[6] Therefore, Plaintiff argues, he is illegally detained.[7] Plaintiff further claims that this issue is non-grievable under the SCDC Inmate Grievances Policy, and therefore is properly before the court.

■ Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983, seeking an award of monetary damages. (*See* Compl. & Am. Compl.) In his Objections, however, it appears that Plaintiff is seeking to challenge the validity of his confinement. Although Plaintiff seemingly argues he is not challenging the fact or duration of his confinement, the court disagrees and concludes that a close reading of the Complaint, Amended Complaint, and Objections reveals that Plaintiff is actually seeking release. *See Harvey v. Horan,* 278 F.3d 370, 378 (4th Cir.2002) ("We have squarely held that a state prisoner's label for his claim cannot be controlling, even when the prisoner does not request immediate release." (citing *Hamlin v. Warren,* 664 F.2d 29, 30, 32 (4th Cir. 1981)). To the extent that Plaintiff is challenging the validity of his confinement or seeking release from incarceration, that claim is cognizable only in a petition for writ of habeas corpus. *See Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." (citing *Preiser v. Rodriguez,* 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that where the success of a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence); *Harvey,* 278 F.3d at 378.

■ To the extent Plaintiff seeks to recover damages due to his alleged illegal detainment, the court concludes Plaintiff cannot proceed. Plaintiff seems to be arguing both sides of one coin. On the one hand, he argues he does not have to file a grievance through the Inmate Grievance System, seemingly because he argues he is being illegally detained, though he has been careful not to style his suit as a habeas claim. On the other hand, he argues he is not required to exhaust his administrative remedies even though his suit is pursuant to § 1983. In *Heck v. Humphrey,* the Supreme Court stated,

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

---

6. Plaintiff further claims that Defendant committed fraud upon the court by asserting that Plaintiff's commitment order is valid. The record contains a copy of the commitment order that is signed, albeit not in handwriting, with "s/ T.L. Hughston, Jr."

7. Plaintiff cites 18 U.S.C. § 3621 in support of his claim. However, because Plaintiff is in custody of the State of South Carolina, not the Bureau of Prisons, this statute is inapplicable.

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Plaintiff is apparently seeking damages from his alleged unconstitutional imprisonment, but Plaintiff has not shown his conviction or sentence has been reversed, expunged, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. The court accordingly concludes that the rule from *Heck v. Humphrey* applies in this situation, and applying this rule, Plaintiff's claim cannot proceed.

■ Even if *Heck v. Humphrey* does not apply, however, the court concludes Plaintiff cannot proceed. First, as the Magistrate Judge noted in the R & R, 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Magistrate Judge further noted that the Sixth Circuit utilizes the definition derived from 18 U.S.C. § 3626, which provides,

[T]he term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

*See also Hartsfield v. Vidor,* 199 F.3d 305, 308 & n. 2 (6th Cir.1999); *Johnson v. Garraghty,* 57 F.Supp.2d 321, 326–27 (E.D.Va.1999). Again, Plaintiff is seem-

ingly challenging the fact of his confinement, which would appear to be a habeas action, but to the extent 42 U.S.C. § 1997e(a) applies, there is no evidence that Plaintiff has complied with that statute. Indeed, there is no evidence that Plaintiff filed a grievance with respect to his challenge to the commitment order, and Plaintiff even seemingly acknowledges he did not file any such grievance. Second, the court concludes Plaintiff's claim cannot proceed because there is simply no evidence, other than Plaintiff's say-so, that he is being improperly detained. The record contains a copy of Plaintiff's commitment order, which indicates Plaintiff was "committed to jail 10–03–84," and it states that Plaintiff is "confined under the jurisdiction and control of the South Carolina Department of Corrections for a period of his life." (Def.'s Mot. for Summ. J. Ex. 2 [23–4].) The order is dated April 18, 1985, and although it does not contain the handwritten signature of the judge, it is signed as "s/ T.L. Hughston, Jr." (*Id.*) Plaintiff has not pointed to, and the court has not found, any authority to suggest the commitment order is invalid. The court therefore overrules Plaintiff's objection.

Next, Plaintiff objects to the Magistrate Judge's finding that, aside from the complaint dealing with the debiting of $23.73 from his trust account for legal copies, postage, and supplies, he has failed to present a genuine issue of material fact as to whether he properly exhausted his administrative remedies before filing this lawsuit. Specifically, Plaintiff alleges that exhaustion of administrative remedies is not a prerequisite to filing a § 1983 claim. Plaintiff further claims that pursuant to SCDC Policy GA 01.12, the issues before the court are non-grievable and are therefore properly before the court. Plaintiff claims that exhaustion of administrative remedies is not required where the reme-

dies are inadequate and that exhaustion is not required under the Prison Litigation Reform Act ("PLRA") when monetary relief is not available through a state's inmate grievances system.

As noted above, 42 U.S.C. § 1997e(a) requires a prisoner to exhaust administrative remedies before bringing action with respect to prison conditions under § 1983. Exhaustion pursuant to this section is mandatory, and courts have no discretion to waive the requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir.1998). Even where exhaustion may be considered futile or inadequate, this requirement cannot be waived. *Id.; Womack v. Donald*, No. CV 306–59, 2006 WL 2598211, at *1 (S.D.Ga. Sept.8, 2006). Furthermore, exhaustion is required regardless of the relief sought. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("[W]e think that Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."). "[Section] 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).[8] Accordingly, before Plaintiff may proceed with his claims in this court, he must first have exhausted the administrative remedies available to him through SCDC.

The Supreme Court has recently held "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007);

*see also Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) (holding that an inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the defendant). Here, Defendant has asserted this affirmative defense and has supported his argument for dismissal of Plaintiff's claims on this ground through an affidavit of the Chief of the Inmate Grievances Branch of SCDC, as well as with copies of Plaintiff's grievances. As set forth in the affidavit, the only claim that Plaintiff has exhausted through the grievance process for purposes of this lawsuit is his claim regarding the debiting of money from his trust account for legal copies, postage, and supplies.

In response to Defendant's argument and evidence that Plaintiff has not exhausted his administrative remedies, Plaintiff has offered no evidence to show that he has in fact exhausted these remedies. There is no evidence that Plaintiff appealed the initial denial of his grievance relating to his cell door being locked, *see Booth*, 532 U.S. at 735, 121 S.Ct. 1819 (inmate failed to exhaust his administrative remedies when he failed to appeal the denial of his grievance to the intermediate or final appeal levels), or that he ever filed any grievances regarding overcrowding, or any of the other issues raised in his Complaint. *See Harvey v. City of Philadelphia*, 253 F.Supp.2d 827, 829 (E.D.Pa.2003) (granting summary judgment where the plaintiff claimed to have exhausted his administrative remedies but failed to present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies). While Plaintiff has sub-

---

**8.** Plaintiff claims Defendant's conduct in allowing prison overcrowding violates the Eighth Amendment. This claim, like his other § 1983 claims, requires exhaustion of administrative remedies pursuant to the PLRA before filing an action in this court. *See Porter*, 534 U.S. at 520, 122 S.Ct. 983.

mitted copies of "request to staff forms" and correspondence which address some of the other issues, these documents are not grievances. To exhaust his administrative remedies, Plaintiff must pursue formal grievances. *Boddie v. Bradley*, 228 Fed. Appx. 5, 7 (2d Cir.2006) (letters sent by prisoner to state Department of Corrections officials were not, on their own, sufficient to meet PLRA requirement that prisoner exhaust administrative remedies by submission of complaints on an inmate grievance form); *Richardson v. Fed. Bureau of Prisons*, No. 1:06CV136, 2006 WL 3254498, at *2 (N.D.W.Va. Nov.9, 2006) (concluding the plaintiff failed to exhaust his administrative remedies when he submitted "Inmate Request to Staff" and "Administrative Remedy Informal Resolution" forms to staff at his federal correctional institution but failed to show he had submitted any formal "Request for Administrative Remedy" forms); *Davis v. Monthorn*, No. 2:05–CV–328, 2006 WL 2222700 (E.D.Tenn. Aug.2, 2006) (holding submission of inmate request form not sufficient to exhaust grievance remedy).

▮ Further, any grievances that Plaintiff has filed since the filing of this lawsuit would not entitle him to proceed on these claims. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir.2005) (prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner ... may not exhaust administrative remedies during the pendency of the federal suit."). In addition, Plaintiff's claim that his complaints are non-grievable pursuant to SCDC's Inmate Grievances Policy is erroneous. It seems that by Plaintiff's own account of SCDC policy GA 01.12, issues under the control of SCDC fall squarely within the grievable items under the Inmate Grievances System. (*See* Objections at 5.) With the exception of Plaintiff's defamation claim [9] and challenge to his confinement (addressed above), all issues relate to the conditions of Plaintiff's imprisonment, which is under the exclusive control of SCDC. These issues are thus grievable issues.

Accordingly, as Plaintiff has failed to present a genuine issue of material fact as to whether he exhausted his administrative remedies through the prison grievance process with respect to any of his claims (other than the claim relating to the debiting of his trust account for legal copies,

9. This Court declines to exercise jurisdiction over the defamation claim pursuant to 28 U.S.C. § 1367(c)(3). *Cf. Waybright v. Frederick County, Md., Dep't of Fire & Rescue Servs.*, 528 F.3d 199, 209 (4th Cir.2008) ("With all its federal questions gone, there may be the authority to keep it in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so."). Indeed, in a 1991 opinion, the Fourth Circuit stated,

That power need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are

not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

*In re Conklin*, 946 F.2d 306, 322 (4th Cir. 1991) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). The court finds remand of the state law claims appropriate.

postage, and supplies),[10] the Defendant is entitled to summary judgment over those claims. *Harvey*, 253 F.Supp.2d at 829 (granting summary judgment where the plaintiff claimed to have exhausted administrative remedies but did not present evidence to challenge defendants' evidence that he did not pursue his administrative remedies); *see also Williams v. Torres*, No. 9:07–0146–MBS, 2008 WL 525457, at *2 (D.S.C. Feb.25, 2008) (dismissing the plaintiff's complaint for failure to exhaust administrative remedies because, *inter alia*, his "bald assertion that he filed 'numerous' unanswered grievances is insufficient to defeat summary judgment on the issue of whether he·has exhausted his administrative remedies"); *Sheldon v. Bledsoe*, No. 7:06–cv–00049, 2007 WL 806124, at *5 (W.D.Va. Mar.15, 2007) (granting defendants' motion for summary judgment when the plaintiff "alleges no facts and offers no documentation on which a jury could find in his favor on the issue of whether or not he exhausted administrative remedies as to any of his claims").

### CONCLUSION

It is therefore **ORDERED,** for the foregoing reasons, that Defendant's Motion for Summary Judgment is **GRANTED** as to Plaintiff's federal claims. It is **ORDERED** that Plaintiff's federal constitutional claim with respect to the debiting of his trust áccount is **DISMISSED** with prejudice. It is further **ORDERED** and that the remainder of Plaintiff's federal claims be **DISMISSED,** without prejudice, for failure to exhaust administrative reme-

dies and/or pursuant to *Heck v. Humphrey.* Plaintiff's remaining claims are **REMANDED** to state court.

### AND IT IS SO ORDERED.

### REPORT AND RECOMMENDATION

BRISTOW MARCHANT, United States Magistrate Judge.

This action was originally filed by the *pro se* Plaintiff in the South Carolina Court of Common Pleas, Fifth Judicial Circuit. Plaintiff is an inmate with the South Carolina Department of Corrections. The case was subsequently removed to this Court by the Defendant on the basis of federal question jurisdiction, asserting in his notice of removal that Plaintiff was seeking relief pursuant to the United States Constitution and federal statutes. 28 U.S.C. §§ 1331 and 1441.

The Defendant thereafter filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on January 31, 2008. As the Plaintiff is proceeding *pro se*, a *Roseboro* order was entered by the Court on February 1, 2008, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. After receiving an extension of time, Plaintiff filed a memorandum in opposition to the Defendant's motion on March 14, 2008, and an additional response on March 27, 2008. This matter is now before the Court for disposition.[1]

---

**10.** In the R & R, the Magistrate Judge recommended granting Defendant's Motion for Summary Judgment with respect to Plaintiff's claim concerning the debiting of his account for legal copies, postage, and supplies. (*See* R & R at 9–13.) Plaintiff has filed no objections to this portion of the R & R, and on review, the court agrees with the Magistrate Judge's

analysis. The court therefore grants Defendant's Motion for Summary Judgment on this claim.

**1.** This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B)

### Background and Evidence

Plaintiff alleges in his verified Complaint[2] that his constitutional rights have been violated by the Defendant through the debiting of his prison trust account to cover costs for legal copies and postage even though he is an indigent and entitled to free postage and copies. Plaintiff also alleges that the State of South Carolina has allocated funds for legal copies, postage and supplies for indigent inmates for their legal mail, but that the Defendant is "unconstitutionally" refusing to provide money for these purposes.

Plaintiff further asserts in a second cause of action that the Defendant is improperly debiting his prison trust account to cover medical costs, even though the State has already appropriated funds for that specific purpose. Plaintiff also complains that he is being denied "meaningful participation in rehabilitative programs," including a prison job, that the Department of Corrections does not properly screen inmates to determine their needs or program placements, nor does it provide sufficient safeguards to assure there are sufficient staff professionals capable of making decisions on rehabilitative needs. Plaintiff also claims that he has been improperly classified, because the Defendant has improperly changed his sentence. Plaintiff alleges that the sentencing judge in his case sentenced him to prison for "a period of his life", while the Department of Corrections has changed his sentence to "life in prison". Plaintiff alleges that his commitment papers are therefore invalid.

Plaintiff further alleges that he is being improperly detained because the trial judge "improperly signed the face of the indictment." Plaintiff alleges that the trial court therefore did not have subject matter over him, rendering the commitment order of the trial judge invalid. Plaintiff also claims that he received an improper sentence, and that he should have been subjected to no more than a "maximum sentence of 10 years....".

Plaintiff also alleges that he is being triple celled in violation of his rights, because triple celling is unconstitutional. Plaintiff alleges that triple celling fosters lawlessness and violence, and is dangerous for prison inmates. Plaintiff also alleges that he has been placed in "double celled" segregation, which is also unconstitutional, and that he has been provided with inadequate medical services. Plaintiff further complains that on or about May 11, 2007, the Defendant's employees deprived him of access to his cell for about an hour. Plaintiff alleges that he was provided inadequate notice that the cells would be locked, and that the Defendant's employees abused their discretion in doing so. Plaintiff claims that this prevented him from releasing his "bodily functions". Plaintiff also claims that this was done out of retaliation by Defendant's employee "Lt. G. Smalls", who had a "beef" against certain inmates. Plaintiff also complains that he was moved out of his cell because he was a non-worker, and that the Department of Corrections improperly segregates workers and non-workers. In another cause of

and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

**2.** In this Circuit, verified complaints by *pro se* prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

action, Plaintiff claims that Lt. Smalls defamed him by accusing him of "stealing a disc out of the chapel....". Plaintiff alleges that this "greatly impaired" his character, and that as a result he was reduced in custody.

In a proposed amended and supplemental complaint which is contained in the documents removed to this Court, Plaintiff adds an additional claim in which he asserts that the Defendant has committed "neglective duty" by allowing employee "Major Marbull" to promulgate a policy requiring non-working inmates to remain in lock-down until eight o'clock.

Plaintiff alleges that all of these actions have caused him to suffer severe anxiety, emotional distress and mental anguish, that his character has been defamed, and that he is therefore entitled to monetary damages of two billion and seven ($2,000,-000,007.00) dollars. *See generally, Plaintiff's Verified Complaint & Amended Complaint.*

In support of summary judgment in this case, the Defendant has submitted an affidavit from Mary Coleman, who attests that she is Chief of the Inmate Grievances Branch of the South Carolina Department of Corrections. Coleman attests that on March 1, 2006 Plaintiff filed a grievance in which he complained that $23.73 had been debited from his prisoner trust account for legal copies, postage and supplies. Coleman attests that this grievance was denied, and that Plaintiff was informed that indigent inmates are provided writing materials on a monthly basis, and that if he desired more materials, the costs of the additional materials would be deducted from his account. Plaintiff appealed the denial of this grievance to the South Carolina Administrative Law Court, which dismissed the appeal.

Coleman attests that Plaintiff filed another grievance on May 21, 2007 complaining about being denied access to his cell and requesting monetary damages. Coleman attests that this grievance was denied and that Plaintiff did not appeal this decision. Coleman further attests that Plaintiff has not filed any grievances regarding his commitment order, overcrowded conditions, lack of rehabilitation, or defamation. She has attached copies of Plaintiff's inmate grievance forms to her affidavit. *See generally, Coleman Affidavit with attached Exhibits.* The Defendant has also provided as exhibits a copy of Plaintiff's commitment order as well as copies of the SCDC policies and procedures governing inmate care, rights, and responsibilities.

As attachments to his response in opposition to the Defendant's motion, Plaintiff has provided copies of numerous documents, including affidavits relating to a state court case, copies of correspondence addressing Plaintiff's housing assignment and his (apparent) request for an inmate job, some paperwork dealing with a disciplinary infraction, documents relating to questions Plaintiff had about the computation of his sentence, copies of some request to staff member forms concerning good time credits and money being taken out of his trust account as well as his housing assignment and dealing with access to his cell, and an article from a newspaper discussing triple celling of inmates.

### Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this show-

ing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Social Services,* 901 F.2d 387 (4th Cir.1990).

Here, after careful review of the arguments and evidence presented, the undersigned finds and concludes that the Defendant is entitled to summary judgment in this case.

## I.

Initially, it is clear from the evidence and arguments presented to this Court that, except for his complaint dealing with the debiting of $23.73 from his prisoner trust account for legal copies, postage and supplies, Plaintiff has failed to present a sufficient issue of fact as to whether he properly exhausted his administrative remedies before filing this lawsuit to survive summary judgment on his claims. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner,* 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Jones v. Smith,* 266 F.3d 399 (6th Cir.2001) [exhaustion required even though plaintiff claimed futility]; *Larkin v. Galloway,* 266 F.3d 718 (7th Cir.2001) [exhaustion required even though plaintiff claimed he was afraid]; *see also Claybrooks v. Newsome,* No. 00–7079, 2001 WL 1089548 (4th Cir. Sept.18, 2001) (unpublished opinion) [applying *Booth v. Churner* to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed with his claims in this Court, he must first have exhausted the administrative remedies available to him through the Department of Corrections.[4]

3. There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

[T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

*Hartsfield v. Vidor,* 199 F.3d 305, 308 (6th Cir.1999) (quoting 18 U.S.C. § 3262(g)(2));

*Neal v. Goord,* 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting *Lawrence v. Goord,* 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam* )).

4. In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96–MC–83–2 and Misc. No. 3:96–MC–84–2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS–10.01 (May 1, 1996).

The Fourth Circuit has held that it is the Defendant who has the burden of showing that a Plaintiff failed to exhaust his or her administrative remedies. *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]. Here, the Defendant has asserted this defense and has supported his argument for dismissal of Plaintiff's claims on this ground through an affidavit of the Chief of the Inmate Grievances Branch of the Department of Corrections, as well as with copies of Plaintiff's grievances. As set forth in the affidavit, the only claim that Plaintiff can be deemed to have exhausted through the grievance process for purposes of this lawsuit is his claim regarding the debiting of money from his trust account.[5] There is no evidence that Plaintiff ever appealed the initial denial of his grievance relating to his cell door being locked; *see Jordan v. Miami–Dade County*, 439 F.Supp.2d 1237, 1241–1242 (S.D.Fla.2006) [Remedies not exhausted where inmate did not appeal denial]; or that he ever filed any grievances regarding the other issues raised in his Complaint. While Plaintiff has submitted copies of some "request to staff forms" and correspondence which address some of these other issues, request to staff forms and letters are not grievances. To exhaust his administrative remedies with respect to these other claims, Plaintiff would have had to have pursued *grievances* concerning these claims if he did not receive the response(s) he desired to his request to staff forms, letters, or oral complaints. *Davis v. Minthorn*, No. 05–326, 2006 WL 2222700 (E.D.Tenn. Aug.2, 2006) [Submission of inmate request form not sufficient to exhaust grievance remedy]; *Boddie v. Bradley*, 228 Fed.Appx. 5, 6 (2d Cir. Feb. 16, 2006) [Letters sent by prisoner to state Department of Correction officials were not, on their own, sufficient to meet PLRA requirement that prisoner exhaust administrative remedies by submission of complains on an inmate grievance form]; *see also McNair v. Sgt. Jones*, No. 01–3253, 2002 WL 31082948 at **7–8 (S.D.N.Y. Sept.18, 2002) ["Making a verbal complaint, however, does not satisfy the exhaustion requirement because the administrative process permits only written grievances."]; *Conwell v. Bureau of Prisons*, No. 93–2684, 1994 WL 684766 at *2 (5th Cir. Nov.22, 1994) [Multiple letters and memos only satisfied informal tier of BOP's Administrative Remedy Procedure].

Further, while Plaintiff discusses the issue of exhaustion of remedies in his memorandum opposing summary judgment, it is

---

**5.** Plaintiff's appeal of this grievance to the South Carolina Administrative Law Court is sufficient to have exhausted this claim for purposes of filing a § 1983 lawsuit in federal court. To the extent Defendant may be arguing that Plaintiff failed to exhaust his administrative remedies with respect to this claim because he did not appeal the denial of this claim by the South Carolina administrative law court, that would not be grounds for dismissal of this cause of action. The fact that the South Carolina Legislature made a court available to prisoners who wanted to appeal a final decision by a jail facility denying a grievance does not alter the federal PLRA by extending its administrative exhaustion requirement to include exhaustion in all state judicial forums. Rather, in § 1983 matters, Congress only intended that "administrative remedies" be satisfied. *See e.g., Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) [exhaustion under § 1997e(a) is administrative only; a prisoner who uses all administrative options that the state offers need not also pursue judicial review in state court], *cert. denied*, 537 U.S. 949, 123 S.Ct. 414, 154 L.Ed.2d 293 (2002); *Frost v. Ozmint*, No. 07–83, 2008 WL 426381 at *3 (D.S.C. Feb.13, 2008); *Brown v. Evans Correctional Institution Medical Staff*, No. 06–2464, 2007 WL 1290359, at *4 (D.S.C. April 30, 2007).

clear from a plain reading of his arguments that Plaintiff is not even contending that he exhausted his administrative remedies with respect to these claims through the prison grievance process before filing his lawsuit. *See Plaintiff's Memorandum,* at pp. 5–6. Additionally, even if Plaintiff has filed grievances concerning some or all of these issues since the filing of this lawsuit, that would not entitle him to now proceed on these claims. *See Cannon v. Washington,* 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; *Freeman v. Francis,* 196 F.3d 641, 645 (6th Cir.1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]; *Erby v. Kula,* 98 Fed.Appx. 405, 407 (6th Cir.2004) [State prisoner's letter to state prison director did not exhaust his administrative remedies, as required, where prisoner sent his letter during pendency of federal suit.].

Therefore, as Plaintiff has failed to present a sufficient issue of fact as to whether he exhausted his administrative remedies through the prison grievance process with respect to any of his claims (other than the claim relating to the debiting of his trust account), the Defendant is entitled to dismissal of those claims. *Harvey v. City of Philadelphia,* 253 F.Supp.2d 827, 829 (E.D.Pa.2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies]; *cf. Hyde v. South Carolina Dep't of Mental Health,* 314 S.C. 207, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

## II.

With respect to Plaintiff's sole remaining claim concerning the debiting of money from his trust account, a sufficient issue of fact has been presented as to whether this action was taken pursuant to a policy of the Department of Corrections, of which the Defendant is the Director, to subject the Defendant to liability for damages in his individual capacity in the event a constitutional violation has been shown. *See Slakan v. Porter,* 737 F.2d 368, 375–376 (4th Cir.1984), *cert. denied, Reed v. Slakan,* 470 U.S. 1035, 105 S.Ct. 1413, 84 L.Ed.2d 796 (1985); *Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir.1994), *cert. denied,* 513 U.S. 813, 115 S.Ct. 67, 130 L.Ed.2d 24 (1994); *Fisher v. Washington Metro. Area Transit Authority,* 690 F.2d 1133, 1142–1143 (4th Cir.1982) (citing *Hall v. Tawney,* 621 F.2d 607 (4th Cir.1980)). However, after careful review of the arguments and evidence presented, the undersigned can find no constitutional violation with respect to this claim.

■ The evidence before the Court shows that Department policy with respect to the providing of pens, paper and postage is as follows:

all indigent inmates, regardless of custody status, will be provided with one (1) pencil ...: sixteen sheets of paper, and four (4) date-stamped envelopes ... per month to be used for sending mail.... The inmate's account will not be debited for these supplies.

SCDC Policy/Procedure PS–10.08 "Inmate Correspondence Privileges," 4.2 Mailing Supplies, Indigent Inmates (January 1, 2005).

"Inmates will be provided with writing paper, envelopes, writing instrument, and other materials necessary for legal correspondence in accordance with

[SCDC Policy].... An inmate will be permitted to send an *unlimited* amount of legal mail *regardless* of his/her indigent status.... However, the inmate's [trust] Account will be debited to cover the costs of *all* legal correspondence, including postage, paper, envelopes, and any other necessary supplies or fees. The only exception will be that an inmate must be permitted to use the general mail supplies provided to him/her as indicated in [SCDC Policy], for purposes of mailing legal correspondence."

SCDC Policy/Procedure GA–01.03 "Inmate Access to Courts," 12 Legal Supplies and Materials; 17.1 Correspondence (June 1, 2004).

The undersigned can discern no constitutional violation from the cited policies or from the facts presented in this case.

First, Plaintiff has not alleged that he is being *denied* the use of pen, paper or postage for his legal mail, or that the cited policies have otherwise denied him access to the courts. Therefore, no constitutional violation for denial of access to the Courts has been presented. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977) [noting that actions taken by prison officials *which amount to denial of an inmate's access to the courts* may be actionable under § 1983]; *Strickler v. Waters,* 989 F.2d 1375, 1382–1383 (4th Cir.1993), *cert. denied,* 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993); *Magee v. Waters,* 810 F.2d 451, 452 (4th Cir.1987) ["Courts have required a showing by a complaining prisoner of actual injury or specific harm to him before a claim of lack of access to the courts will be sustained"]; *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir.1996) [Dismissal of access to court claim proper where inmate relied on conclusory allegations and failed to identify any actual injury].

■ Further, to the extent Plaintiff is arguing that the taking of money out of his trust account without his permission in and of itself establishes a Fourteenth Amendment due process violation for which the Defendant should be held liable, Defendant argues that, since no protected property right in these funds has been created by state law, Plaintiff cannot establish such a claim because he enjoys no property interest in the funds deposited in his trust fund account. *See Washlefske v. Winston,* 234 F.3d 179, 185–186 (4th Cir.2000), *cert. denied,* 532 U.S. 983, 121 S.Ct. 1627, 149 L.Ed.2d 488 (2001); *see also Sprouse v. Sanford,* No. 04–22477, et al., 2008 WL 203022 *3 (D.S.C. January 22, 2008). Even assuming for purposes of argument that Plaintiff *does* have a property interest in his trust account funds; *cf. Burks v. Pate,* 119 Fed.Appx. 447, 450 (4th Cir. January 5, 2005); no due process violation has been shown. Plaintiff has clearly been provided notice through the cited policies of when and under what circumstances money can be deducted from his trust account for correspondence and postage, and Plaintiff is not entitled to a pre-deprivation hearing to challenge the deduction of these funds, as the Department of Corrections has a compelling interest in maintaining an orderly assessment process and Plaintiff may contest any allegedly erroneously assessment through the prison grievance process. *Cf. Allred v. Barton,* No. 06–567, 2007 WL 1585004, at *3–4 (D.Utah May 30, 2007); *see also Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *Elliott v. Simmons,* 100 Fed.Appx. 777, 779 (10th Cir.2004) [Prison grievance procedures sufficient to satisfy procedural due process for erroneous assessments on inmate account]; *Thomas v. Hayes,* No. 04–284, 2006 WL 2708267, at *7 (E.D.Tenn. September 19, 2006). Indeed, the record before this Court shows that Plaintiff did grieve this

issue; he just did not obtain the result he wanted. Plaintiff also has an adequate post-deprivation remedy for an alleged deprivation of property under South Carolina law. *See* S.C.Code Ann. § 15–69–10, *et. seq.; cf. Jones v. Cathel,* No. 05–3170, 2006 WL 756013, at *5 (D.N.J. March 17, 2006).

▮ Finally, to the extent Plaintiff's claim is that the Department of Corrections failed to follow its own policies and procedures with respect to the way these deductions were made from his account, this assertion also fails to set forth a claim of constitutional magnitude, as the failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation. (*See Keeler v. Pea,* 782 F.Supp. 42, 44 (D.S.C.1992) [violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983]). *See also Scott v. Hamidullah,* No. 05–3027, 2007 WL 904803 *5 n. 6 (D.S.C. March 21, 2007) (citing *Riccio v. County of Fairfax, Virginia,* 907 F.2d 1459, 1469 (4th Cir.1990); *Johnson v. S.C. Dep't of Corrections,* No. 06–2062, 2007 WL 904826 at *12 (D.S.C. Mar.21, 2007) ["Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation."] (citing *Riccio,* 907 F.2d at 1469 [if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue]. Therefore, this claim is without merit.

### III.

It must also be noted that (it appears) Plaintiff is contesting his actual conviction on the charge for which he is incarcerated.

Specifically, Plaintiff makes reference to his original indictment being invalid, and that his trial court lacked subject matter jurisdiction on his charges.

This assertion is of course a habeas claim which can only be pursued in this Court under 28 U.S.C. § 2254, *after* Plaintiff has exhausted his state court remedies. *Gordon v. Procunier,* 629 F.Supp. 192, 193 (S.D.Tex.1985) (" '[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus[.]' "), quoting *Preiser v. Rodriguez,* 411 U.S. 475, 487, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Plaintiff can exhaust his state court remedies by filing a state post conviction relief action. *See* S.C.Code Ann. § 17–27–10, *et. seq.*[6] Plaintiff's claim for damages (the only remedy being sought in this action) arising out of an allegedly improper imprisonment can only be pursued in this Court under § 1983 after a ruling in his favor on the underlying habeas claim. *See Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See also Myers v. Pauling,* No. 95–820, 1995 WL 334284 (E.D.Pa. June 2, 1995) ["release from prison is not a remedy available under 42 U.S.C. § 1983"].

Therefore, to the extent Plaintiff has intended to assert a claim challenging his underlying conviction in this § 1983 case, that claim should be dismissed.

### IV.

Finally, in addition to the federal constitutional claims discussed hereinabove,

---

**6.** Plaintiff has in fact provided copies of documents from a state post conviction relief action which he apparently currently has pending in state court. *See Documents relating to Johnson v. South Carolina,* C/A No. 04–CP–10–3752.

Plaintiff has asserted several claims under various state law statutes and/or the South Carolina Constitution in this case, which (as previously noted) was originally filed in State Court. With respect to these remaining state law causes of action, when federal claims presented in a case which has been removed to federal court from state court are dismissed, the case should be remanded to state court for resolution of any remaining state law claims under the general doctrine developed in *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). *See also In Re Conklin*, 946 F.2d 306, 324 (4th Cir.1991); *Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744, 746, 749 (E.D.Va.1991); *Mills v. Leath*, 709 F.Supp. 671, 675–676 (D.S.C. 1988); *Carnegie–Mellon v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *Taylor v. Waters*, 81 F.3d 429, 437 (4th Cir.1996). Remand of this action to state court will not only allow the more appropriate court to rule on these remaining state law issues, but will not prejudice the parties, as the parties may seek a fast track for resolution of these claims at the state level. *See* Rule 40(c), S.C.R.C.P.

### Conclusion

Based on the foregoing, it is recommended that the Defendant's motion for summary judgment be **granted,** that Plaintiff's federal constitutional claim with respect to the debiting of his trust account be **dismissed** with prejudice, and that the remainder of Plaintiff federal claims be **dismissed,** without prejudice, for failure to exhaust administrative remedies and/or pursuant to *Heck v. Humphrey.*

If the Court adopts the recommendation contained herein with respect to Plaintiff's federal claims, it is further recommended that this case be **remanded** back to state court for disposition of Plaintiff's remaining state law causes of action. *United Mine Workers v. Gibbs, supra; see also*

S.C.Code Ann. § 15–78–20(e) [providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state]; *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 99, n. 9, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The parties are referred to the Notice Page attached hereto.