ELECTRONIC CITATION:  2013 FED App.0007P (6th Cir.)
File Name:  13b0007p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re: MICHAEL ALLEN BOWERS and )
MARGARITA VILLE BOWERS, )
)  No. 13-8014
Debtors. )
_____

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 12-51549

Argued: August 20, 2013

Decided and Filed: November 22, 2013

Before: EMERSON, LLOYD, and PRESTON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ARGUED:** Scott W. Paris, KEITH D. WEINER & ASSOCIATES CO., LPA, Cleveland, Ohio, for Appellant.  Robert M. Whittington, Jr., Akron, Ohio, for Appellees. **ON BRIEF:** Scott W. Paris, KEITH D. WEINER & ASSOCIATES CO., LPA, Cleveland, Ohio, for Appellant.  Robert M. Whittington, Jr., Akron, Ohio, for Appellees.

_____

**OPINION**

_____


JOAN A. LLOYD, Bankruptcy Appellate Panel Judge. Plymouth Park Tax Services, LLC ("Plymouth Park") appeals the order of the United States Bankruptcy Court for the Northern District of Ohio (the "Bankruptcy Court") sustaining in part debtors Michael Allen Bowers and Margarita Ville Bowers's (the "Debtors") objection to Plymouth Park's claim and overruling in part Plymouth Park's objection to confirmation of the Debtors' chapter 13 plan. The Bankruptcy Court's order held that under Ohio law the appropriate interest rate for Plymouth Park's tax claim against the Debtors was 0.25%. Plymouth Park argues that Ohio's tax lien statutes mandate a higher interest rate of 18%. For the reasons set forth below, the Panel affirms the Bankruptcy Court's decision.


## STATEMENT OF ISSUES


The issue presented in this appeal is as follows: whether the Bankruptcy Court erred in determining that Ohio law set the Debtors' chapter 13 plan interest rate on Plymouth Park's tax lien certificate at 0.25%.


## JURISDICTION AND STANDARD OF REVIEW


The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to decide Plymouth Park's appeal of the Bankruptcy Court's order sustaining the Debtors' objection to Plymouth Park's claim. The United States District Court for the Northern District of Ohio has authorized appeals to the BAP, and no party has timely elected to have this appeal heard by the district court. 28 U.S.C. § 158(b)(6), (c)(1). A "final" order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland*

*Asphalt Corp. v. United States*, 489 U.S. 794, 797, 109 S.Ct. 1494, 1497 (1989) (internal quotations and citations omitted). An order sustaining an objection to a creditor's claim is a final order. *Maldeni Mills Industries, Inc. v. Maroun* (*In re Malden Mills, Inc.*), 303 B.R. 688, 696 (B.A.P. 1st Cir. 2004). On the other hand, an order overruling an objection to confirmation without confirming a plan is not a final order. *State Bank of Florence v. Miller* (*In re Miller*), 459 B.R. 657, 662 (B.A.P. 6th Cir. 2011). Consequently, this opinion will only review the Bankruptcy Court's order insofar as it sustained the Debtors' objection to Plymouth Park's claim.

The Panel reviews conclusions of law, such as a bankruptcy court's interpretation of state law, *de novo*. *Dickson v. Countrywide Home Loans* (*In re Dickson*), 655 F.3d 585, 590 (6th Cir. 2011). Under a *de novo* standard of review, the appellate court determines the law at issue "independently of, and without deference to, the trial court's determination." *Palmer v. Washington Mut. Bank* (*In re Ritchie*), 416 B.R. 638, 641 (B.A.P. 6th Cir. 2009) (citing *Gen. Elec. Credit Equities, Inc. v. Brice Rd. Devs., LLC* (*In re Brice Rd. Devs., LLC*), 392 B.R. 274, 278 (B.A.P. 6th Cir. 2008).

## FACTS

The Debtors owed delinquent real estate taxes to Summit County, Ohio. Summit County and several other Ohio counties sell outstanding tax obligations to investors in the form of tax lien certificates. By selling these tax lien certificates, Summit County obtains much-needed revenue. The investor purchasing a tax lien certificate obtains a lien against the taxpayer's property and the right to pursue the taxpayer for the unpaid taxes. *See* Ohio Rev. Code Ann. ("O.R.C.") §§ 5721.30-43.

On November 5, 2010, Plymouth Park filed a tax lien certificate with the Summit County, Ohio, Fiscal Officer showing its purchase of the Debtors' tax obligation for the price of $4,083.73 with a negotiated interest rate of 0.25%. This certificate states that it was offered, sold, and delivered on November 3, 2010. On October 3, 2011, Plymouth Park filed a second tax lien certificate with

3

the Fiscal Officer showing its purchase of a second certificate for the price of $2,045.44 with a negotiated interest rate of 18.00%. Both of these certificates are titled "Tax Certificate (Negotiated Sale)." (Stipulation as to Undisputed Facts ("Stipulation") Exs. B and C, Bankr. Case No. 12-51549, ECF No. 32). The certificates are signed by the "Treasurer/Fiscal Officer or Designee," Shelly Davis, who states in the first paragraph: "I do hereby certify that at a negotiated sale pursuant to O.R.C. § 5721.33 this tax certificate for the parcel listed below was offered and sold . . . ." (*Id.*).

Both certificates also state that "[t]his certificate will be canceled six years after the date of delivery pursuant to Ohio Revised Code 5721.27, unless the date is extended because of bankruptcy pursuant to O.R.C. 5721.37(A)(3)(b)," and that "[t]he purchaser of this Tax Certificate or any transferee is entitled to file a notice of intent to foreclose on this parcel within six years after the purchase of the Tax Certificate, or by the date negotiated with the county treasurer." (*Id.*).

On April 17, 2012, the Summit County Fiscal Officer filed a tax lien foreclosure complaint against the Debtors. The Summit County Fiscal Officer filed this complaint "pursuant to a request for foreclosure form sent to the Fiscal Officer by Plymouth [Park]." (Stipulation, at ¶6). The foreclosure complaint stated that "as provided by Section 5721.38 (B) of the Ohio Revised Code" the "redemption price" calculated by the Fiscal Officer was $10,585.82. (Stipulation Ex. D, at ¶6).

On May 10, 2012, the Debtors filed their chapter 13 plan and petition. The Debtors' chapter 13 plan proposed to pay interest on Plymouth Park's tax certificates at the interest rates listed on those certificates: 0.25% on the first tax certificate and 18% on the second. On May 23, 2012, Plymouth Park filed a proof of claim based on both certificates in the amount of $10,521.46, an amount that included $2,120.00 in fees and the principal balance of $7,781.19 plus 18% interest from June 1, 2012. The Debtors' plan and Plymouth Park's claim thus put the parties at odds: While the Debtors sought an interest rate of 0.25% on the first tax certificate and 18% on the second, Plymouth Park demanded that the Debtors pay 18% on both.

On May 23, 2012, Plymouth Park filed an objection to confirmation of the Debtors' plan. Plymouth Park claimed that O.R.C. § 5721.38(B) entitled it to an 18% interest rate on its claim for the first tax certificate (the "Tax Certificate"). That same day, the Debtors filed an objection to Plymouth Park's claim, demanding the 0.25% interest rate listed on the Tax Certificate and disputing the propriety of Plymouth Park's $2,120 fee charge.[1] On August 18, 2012, the Bankruptcy Court held an evidentiary hearing at which testimony was taken regarding the procedures and fees involved in Summit County's tax lien foreclosure process. On December 5, 2012, the Bankruptcy Court entered an order directing the parties to file additional briefs "regarding the applicability and/or inapplicability of Ohio Revised Code § 5721.38 to the issues before the Court, specifically to what extent, if any, a debtor's chapter 13 plan treatment of the tax certificate holder's claim should be equated with the process of redemption contemplated in § 5721.38." (Order Directing Parties to File Briefs, at 1, Bankr. Case No. 12-51549, ECF No. 44).

In its brief on O.R.C. § 5721.38, Plymouth Park argued that Ohio law controlled the appropriate interest rate payable on its claim because the claim constituted a "tax claim" under 11 U.S.C. § 511. Plymouth Park then turned to O.R.C. § 5721.38(B), a statute that allows taxpayers to redeem their property by paying a lump sum with an 18% interest rate applicable from the date that foreclosure proceedings commence. Ohio Rev. Code Ann.§ 5721.38(B). According to Plymouth Park, O.R.C. § 5721.38(B) guaranteed it an 18% interest rate on its claim.

The Debtors made two arguments against this high rate. First, they argued that Plymouth Park's claim was not a "tax claim" under § 511 of the Bankruptcy Code and that therefore the state statute did not govern the interest rate payable on Plymouth Park's claim. According to this argument, the interest rate had to be determined by using the "prime plus" formula set forth in *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S. Ct. 1951 (2004). Second, the Debtors argued that the lump sum redemption described in O.R.C. § 5721.38(B) could not be equated with a redemption via

---

[1] In its Order and Memorandum Opinion entered on March 22, 2013, the Bankruptcy Court upheld Plymouth Park's claim to $2,000 of these fees. (Mem. Op., at 5, Bankr. Case. No. 12-51549, ECF No. 51). The fees are not an issue in this appeal.

5

chapter 13 plan payments. The Debtors proposed that O.R.C. § 5721.38(C)(2) which provides for a redemption payment plan, not a lump sum payment should guide the selection of an interest rate for Plymouth Park's claim. Subsection (C)(2) makes no reference to the 18% interest rate that is required in subsection (B) and instead provides for redemption via a payment plan calculated to include a tax certificate's "certificate rate of interest." Ohio Rev. Code Ann. § 5721.38(C)(2).

In an Order and Memorandum Opinion entered on March 22, 2013, the Bankruptcy Court agreed with Plymouth Park that Plymouth Park's claim was a tax claim under 11 U.S.C. § 511 and that state law governed the interest rate issue. But the Bankruptcy Court rejected the proposition that the 18% rate in O.R.C. § 5721.38(B) should apply to the Debtors' plan. The Bankruptcy Court stated as follows:

> According to Ohio Revised Code § 5721.38(B)(2), the owner of the property "may redeem the parcel by paying . . . interest on the certificate purchase price for each tax certificate sold respecting the parcel at the rate of eighteen per cent per year." The debtors allege that Ohio Revised Code § 5721.38(B) is limited to those instances where "a party redeems real estate from a certificate sale by paying cash to the county treasurer." The debtors further allege that this redemption does not contemplate "redemption by way of periodic payments as in a chapter 13 plan." The Court agrees. Creditor has not established, and the Court finds no support for, the contention that the negotiated interest rate does not apply. Here, the debtors are not redeeming their property as contemplated by Ohio Revised Code § 5721.38(B); therefore the statute does not apply.

(Mem. Op., at 4, Case. No. 12-51549, ECF No. 51 (internal citations removed)). The Bankruptcy Court went on: "Moreover, 'Ohio law establishes that the Creditor is entitled to the interest rate established by the tax certificate auction on the Debtor's delinquent real estate taxes.' " (*Id.* at 4 (quoting *In re Cortner*, 400 B.R. 608, 612 (Bankr. S.D. Ohio 2009))). The Court thus held the appropriate interest rate for Plymouth Park's disputed Tax Certificate to be 0.25%. Though the Debtors' brief had pointed the Bankruptcy Court toward the payment plan redemption provided for in O.R.C. § 5721.38(C)(2), the Bankruptcy Court did not mention O.R.C. § 5721.38(C)(2) in its opinion.

6

Plymouth Park now appeals. Plymouth Park argues that O.R.C. § 5721.38(B) guarantees it an 18% interest rate on its claim. The Debtors contend that O.R.C. § 5721.38(B) only applies to lump sum redemptions, not to payment plan redemptions like those carried out in a chapter 13 plan, and that they therefore need only pay the 0.25% interest rate stated on the Tax Certificate.

**DISCUSSION**

Neither party to this appeal disputes the Bankruptcy Court's conclusion that Plymouth Park's claim is a tax claim under 11 U.S.C. § 511(a) and that Ohio law should govern the interest rate payable to Plymouth Park in the Debtor's chapter 13 plan. [2]

This appeal requires that the Panel analyze the provisions of the Ohio Revised Code governing tax certificates. *See generally* Ohio Rev. Code Ann. §§ 5721.30-43. The version of the O.R.C. applicable to this case is the version effective on November 3, 2010, the date the Tax Certificate was purchased. *See CapitalSource Bank FBO Aeon Fin., L.L.C. v. Donshirs Dev. Corp.*, No. 99032, 2013 WL 1697492, at *5 (Ohio Ct. App. April 18, 2013)(stating, in dicta, that the trial court "erred" when it applied the version of the O.R.C. effective at the time of foreclosure instead of the version effective at the time tax certificate was purchased). *Cf. Ransier v. Standard Fed. Bank* (*In re Collins*), 292 B.R. 842, 847 (Bankr. S.D. Ohio 2003) ("The Court concludes that the date of the signing of the mortgage determines the law of the contract."); *Suhar v. Land* (*In re Land*), 289 B.R. 71, 75 (Bankr. N.D. Ohio 2003) (same); *Eastwood Local School Dist. v. Eastwood Educ. Ass'n*, 875 N.E. 2d 139, 143 (Ohio Ct. App. 2007) ("Except where a contrary intent is evident, the parties to a contract are deemed to have contracted with reference to existing law.").

---

[2] 11 U.S.C. § 511(a) reads as follows: "If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law." 11 U.S.C. § 511(a).

The Ohio Revised Code's tax certificate provisions specifically address situations where delinquent taxpayers file for bankruptcy protection. O.R.C. § 5721.37(A)(3)(b), effective when the tax certificate was purchased on November 3, 2010, stated as follows:

> If, before six years after the date a tax certificate was sold or before the date negotiated by the county treasurer, the owner of the property files a petition in bankruptcy, the county treasurer, upon being notified of the filing of the petition, shall notify the certificate holder by ordinary first-class or certified mail or by binary means of the filing of the petition. It is the obligation of the certificate holder to file a proof of claim with the bankruptcy court to protect the holder's interest in the certificate parcel. The last day on which the certificate holder may file a notice of intent to foreclose is the later of six years after the date the tax certificate was sold or the date negotiated by the county treasurer, or one hundred eighty days after the certificate parcel is no longer property of the bankruptcy estate; however, the six-year or negotiated period being measured after the date the certificate was sold is tolled while the property owner's bankruptcy case remains open.

Ohio Rev. Code Ann. § 5721.37(A)(3)(b) (current version at Ohio Rev. Code Ann. § 5721.37(A)(2) (2011)). In sum then, O.R.C. § 5721.37(A)(3)(b) placed a six year limit on a certificate holder's ability to file a notice of intent to foreclose. But if a taxpayer filed for bankruptcy at some point within those six years and the certificate holder filed a claim with the bankruptcy court, then the six year period would be tolled "while the property owner's [the taxpayer's] bankruptcy case remains open." *Id.*[3]

The very next division of the 2010 version of O.R.C § 5721.37, O.R.C. § 5721.37(A)(3)(c), addressed the treatment of the certificate holder's claim during the tolling period. According to O.R.C. § 5721.37(A)(3)(c), "interest at the certificate rate of interest continues to accrue during any extension of time required by division (A)(3)(a) or (b) of this section unless otherwise provided under Title 11 of the United States Code." Ohio Rev. Code Ann. § 5721.37(A)(3)(c) (current version at Ohio Rev. Code Ann. § 5721.37(A)(2) (2011)). In other words, O.R.C.

---

[3]The face of the Tax Certificate clearly contemplates the potential application of O.R.C. § 5721.37(A)(3)(b)'s tolling period, stating that the certificate "will be canceled six years after the date of delivery . . . unless the date is extended because of bankruptcy pursuant to O.R.C. § 5721(A)(3)(b)." (Stipulation Ex. B, Bankr. Case No. 12-51549, ECF No. 32).

§ 5721.37(A)(3)(c) "specifically provides that the tax certificate interest rate continues to accrue during a bankruptcy unless Title 11 provides otherwise." *In re Cortner*, 400 B.R. 608, 614-15 (Bankr. S.D. Ohio 2009).[4]

Applying 2010 O.R.C. § 5721.37(a)(3)(b) and (c) to this case, the Panel concludes that the interest rate on Plymouth Park's Tax Certificate claim should be set at 0.25% while the Debtor's bankruptcy case remains open. Here, the Debtor filed for bankruptcy within six years from the sale of the Tax Certificate to Plymouth Park.[5] Tolling of that six year period began with the filing of the bankruptcy and will continue "while the [Debtors'] bankruptcy case remains open." Ohio Rev. Code Ann. § 5721.37(A)(3)(b). The 0.25% interest rate on the face of the tax certificate is the "certificate rate of interest"[6] and continues to accrue during this extension of time. Ohio Rev. Code Ann. § 5721.37(A)(3)(c). Title 11 does not provide otherwise: Section 511 of the Bankruptcy Code

---

[4]The term "certificate rate of interest" is defined by the O.R.C. as "the rate of simple interest per year not to exceed eighteen per cent per year fixed . . . by the county treasurer with respect to any tax certificate sold or transferred pursuant to a negotiated sale." Ohio Rev. Code Ann. § 5721.30(G).

[5]The Panel notes that the 2010 O.R.C. contains no indication that the six year period for certificate holders to initiate the foreclosure process against taxpayers somehow expires early when a notice of intent to foreclose is filed. In fact, it appears that the six year period survives the filing of a notice of intent to foreclose and the initiation of foreclosure proceedings and continues to provide important limitations on the rights of both tax certificate holders and taxpayers. For example, if a tax certificate holder files a notice of intent to foreclose but has its foreclosure action dismissed without prejudice, it can file another notice of intent to foreclose, but must do so before the six year period ends. *See Lakeview Holding, L.L.C. v. DeBerry*, No. 99033, 2013 WL 1501640, at *1 (Ohio Ct. App. April 11, 2013) ("[T]he certificate has not expired and the six year statute of limitations has not yet expired . . . [the tax certificate holder] may therefore simply refile its notice of intent . . . ."). In an important limitation on taxpayers, the six year period also provides the amount of time in which a taxpayer must complete payments in order to redeem his or her property under the "redemption payment plan" provided for in the 2010 version of O.R.C. § 5721.38(C)(2). Ohio Rev. Code Ann. § 5721.38(C)(2) (amended 2011) ("The plan shall require the owner or other person to pay the certificate redemption price for the tax certificate, an administrative fee . . . and the actual fees and costs incurred, in installments, with the final installment due no later than six years after the date the tax certificate is sold.").

[6]Ohio Rev. Code § 5721.30(G).

provides that the rate of interest on Plymouth Park's claim "shall be determined under applicable non-bankruptcy law"  here, the Ohio Revised Code. 11 U.S.C. § 511(a). Applicable Ohio law thus imposes an interest rate of 0.25% on Plymouth Park's claim while the Debtors' bankruptcy case remains open.[7]

Plymouth Park argues here, just as it did before the Bankruptcy Court, that O.R.C. § 5721.38(B) guarantees it an 18% interest rate on its claim. O.R.C. § 5721.38(B)(2) allows a taxpayer to redeem a parcel after the filing of a notice of intent to foreclose by paying the county treasurer an amount equal to the total of the "certificate redemption prices"[8] of all tax certificates

---

[7]The result would be no different under current law. The Ohio Legislature's 2011 amendments to O.R.C. § 5721.37 replaced O.R.C. § 5721.37(A)(3)(b) and O.R.C. § 5721.37(A)(3)(c) with current O.R.C. § 5721.37(A)(2), a division identical to the divisions it replaced except that the six year period in the 2010 O.R.C. has been replaced by the term "certificate period." Ohio Rev. Code Ann. § 5721.37(A)(2). That term is defined in current O.R.C. § 5721.30(Q) as "the period of time after the sale or delivery of tax certificate within which a certificate holder must initiate an action to foreclose the tax lien represented by the certificate . . . ." Ohio Rev. Code Ann. § 5721.30(Q). Under both the 2010 and current statute a certificate holder has a certain period of time in which to foreclose, that period of time is tolled during a taxpayer's bankruptcy case, and interest accrues during the tolling period at the certificate rate of interest. Were the current version of O.R.C. § 5721.37 to apply to this case, the "certificate period" would be the six year limit provided for on the face of the Tax Certificate. That "certificate period" would be tolled while the Debtors' bankruptcy case remains open, and during that time interest would accrue at the "certificate rate of interest," or 0.25%.

[8] O.R.C. § 5721.30(F) defines the "certificate redemption price" "with respect to a sale of tax certificates under section 5721.33" as follows:

> [C]ertificate redemption price means the amount equal to the sum of the following:
> (1) The certificate purchase price;
> (2) Interest accrued on the certificate purchase price at the certificate rate of interest from the date on which a tax certificate is delivered through and including the day immediately preceding the day on which the certificate redemption price is paid;
> (3) The fee, if any, charged by the county treasurer to the purchaser of the certificate under division (J) of section 5721.33 of the Revised Code;
> (4) Any other fees charged by any county office in connection with the recording of tax certificates

O.R.C. § 5721.30(F)

respecting the parcel, certain fees and costs, and "interest on the certificates at the rate of eighteen per cent per year for the period beginning on the date on which the payment was submitted by the certificate holder [to initiate foreclosure proceedings] and ending on the day the parcel is redeemed under this division." Ohio Rev. Code Ann. § 5721.38(B)(2). According to Plymouth Park, because the Debtors seek to redeem their property via their proposed chapter 13 plan, they must pay the 18% interest rate required under O.R.C. § 5721.38(B)(2).

Plymouth Park's reliance on O.R.C. § 5721.38(B) might make sense outside of the bankruptcy context. Unfortunately for Plymouth Park, the 2010 O.R.C. provisions discussed above specifically require that the interest rate on the Tax Certificate accrue at 0.25% while the Debtors' bankruptcy case remains open. A well established tenet of statutory construction mandates that specific statutory provisions prevail over more general provisions. *See RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 132 S. Ct. 2065, 2070 (2012) (citations omitted); *Hartman v. Duffey*, 95 Ohio St. 3d 456, 461 (Ohio 2002). Moreover, adoption of Plymouth Park's theory would render O.R.C. § 5721.37(A)(3)(c) mere surplusage, in violation of another basic tenet of statutory construction that statutes are to be interpreted in a manner that gives effect to each. *See Morton v. Mancari*, 417 U.S. 535, 551 (1974) ("The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts . . . to regard each as effective. When there are two acts upon the same subject, the rule is to give effect to both if possible . . . ." (Citations and internal quotation marks omitted.)); *Perrysburg Twp. v. Rossford*, 103 Ohio St. 3d 79, 81, 814 N.E.2d 44 (Ohio 2004) ("In interpreting statutes, it is the duty of this court to give effect to the words used, not to delete words used or to insert words not used." (Citations and internal quotation marks omitted.)). Therefore, the Panel concludes that O.R.C. § 5721.38(B) does not provide the interest rate applicable to this case.

**CONCLUSION**

For the foregoing reasons, the Panel AFFIRMS the Bankruptcy Court's order sustaining the Debtors' objection to Plymouth Park's claim.