NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0023n.06

No. 16-3239

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| A RENEWED MIND | ) | **FILED** |
| | ) | Jan 11, 2017 |
| Plaintiff | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| and | ) | |
| | ) | ON APPEAL FROM THE |
| JERRY JONES | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| Plaintiff-Appellant, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| v. | ) | |
| | ) | |
| JESSE WEATHERBY, et al. | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE:   BATCHELDER, STRANCH, and DONALD, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.**  Jerry Jones and A Renewed Mind sued Community Broadcast Group, Inc., Jesse Weatherby, and Novia Communications, LLC, over the sale of a local TV station.  During the course of settlement negotiations, the parties agreed to file a "Stipulation of Dismissal With Prejudice," which the district court signed.  Shortly thereafter, the plaintiffs filed a motion to alter or amend the judgment, claiming that the dismissal was not meant to be with prejudice as to all the defendants.  After the district court denied this motion, Jones filed a motion for reconsideration.  The district court denied that too.  Jones now appeals.  Because the district court did not abuse its discretion, we AFFIRM.

## I.  FACTS AND PRODCEDURAL HISTORY

On January 27, 2015, Plaintiffs Jerry Jones and A Renewed Mind, an Ohio non-profit corporation, filed a complaint against Defendants Jesse Weatherby, Community Broadcast Group, Inc. (CBG), and Novia Communications, LLC (Novia).  The complaint alleged that Jones and A Renewed Mind were minority shareholders in CBG and that Weatherby was the president, director, and majority shareholder of CBG.  CBG's sole business interest was a television station in Toledo, Ohio, which held a broadcasting license from the Federal Communications Commission.  Apparently without the knowledge of Jones or A Renewed Mind, Weatherby and CBG entered into a series of agreements to sell the station to Novia.  Separately, Weatherby and CBG filed an application with the FCC to assign the station's license to Novia.  The complaint asserted eight counts against the three defendants.

Counsel for Novia filed a Stipulation of Dismissal with Prejudice on December 24, 2015, and the district court granted the stipulation on December 28, 2015.  The stipulation stated that counsel for each of the other parties had consented to the stipulation via email.

The origin and accuracy of this stipulation is the basis of the present appeal.  On December 29, the district court held a telephone conference in which the plaintiffs asserted that only the claims against Novia were to be dismissed with prejudice.  The claims against CBG and Weatherby, it maintained, were to be dismissed without prejudice.  The plaintiffs then made a motion seeking the amendment of the stipulation.  Although the motion was titled "Plaintiffs' Motion to Amend Stipulation of Dismissal *Nunc Pro Tunc* and Memorandum in Support" and has been referred to as the plaintiff's "motion to alter or amend," the plaintiffs filed the motion pursuant to Federal Rule of Civil Procedure 60(b).  The plaintiffs claimed that dismissal with

prejudice as to all parties was "[d]ue to inadvertent mistake and excusable neglect" and therefore a valid ground for relief under Rule 60(b). The plaintiffs explained that they had not reached settlement agreements with CBG and Weatherby and did not intend to dismiss all parties with prejudice. The district court denied the motion, holding that "[c]ounsels' error does not satisfy the 'mistake' requirement of Rule 60(b)(1)."

Unhappy with this result, Jones filed a "Motion for Reconsideration of the Court's Order Denying Plaintiffs' Motion to Amend Stipulation of Dismissal With Additional New Evidence," pursuant to Federal Rule of Civil Procedure 59. In this motion, Jones's counsel asserted—for the first time—that he had not consented to the filed stipulation. The affidavits supporting this contention, however, were drafted after the court denied the initial Rule 60(b) motion. The district court concluded that these "self-serving affidavits . . . could have easily been filed" during the earlier motion; the court therefore declined to consider them as new evidence. The district court further noted that Jones's alleged lack of consent to the stipulation was a "contrary" position to his earlier statement that the stipulation was an "inadvertent mistake." The district court therefore denied the Rule 59(e) motion.

Jones timely filed a Notice of Appeal of the order denying his Rule 59(e) motion for reconsideration. The notice did not appeal the order denying the Rule 60(b) motion to alter or amend the judgment.

## II. ANALYSIS

As a preliminary matter, we note that Jones asks us to review the district court's denial of both his motion to amend and his motion for reconsideration, but his notice of appeal stated that he was appealing only the latter. The parties dispute whether the appeal of an order denying a Rule 59(e) motion brings up the underlying order denying reconsideration of a Rule 60(b)

motion.[1] "Ordinarily, denials of Rule 59 motions are not appealable as such, and appellate courts should treat a notice of appeal that cites only an order disposing of a Rule 59 motion as an appeal of the underlying judgment." *Crown Serv. Plaza Partners v. City of Rochester Hills*, 215 F.3d 1325, 2000 WL 658029 at *4 (6th Cir. 2000) (unpublished table opinion); *see also Boburka v. Adcock*, 979 F.2d 424, 426 (6th Cir. 1992) (determining that an appeal of a 59(e) denial is treated as an appeal of the underlying judgment "where it can be reasonably inferred from the notice of appeal that the intent of the appellant was to appeal from the final judgment, if it also appears that the appellee has not been misled"). Jones did not move for reconsideration of the underlying judgment, but rather for reconsideration of the denial of the Rule 60(b) motion. Therefore, if the Rule 59(e) appeal brings anything up, it is the order denying the Rule 60(b) motion. We decline to resolve this procedural quirk here, however, because as we will explain below, we detect no abuse of discretion by the district court in either order.

We review the denial of Rule 60(b) motions for abuse of discretion. *See Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014). We review the denial of Rule 59(e) motions under the same standard. *See Evanston Ins. Co. v. Cogswell Props., LLC.*, 683 F.3d 684, 691 (6th Cir. 2012).

This is a mess of Jones's own creation. In essence, he agreed to dismiss a case and then realized that he dismissed more than he meant to dismiss. He filed a Rule 60(b) motion alleging a mistake or excusable neglect, but the district court denied the motion after determining that there was no mistake. Rather, the court found that Jones's counsel made an error that did not justify Rule 60(b) relief. "Rule 60 does not provide relief from the consequences of a deliberate

---

[1] What is certain is that even if the notice of appeal had listed the district court's order denying the motion to alter or amend, that appeal would not have brought the underlying judgment up to this court, because "[r]eview of an order disposing of a Rule 60 motion . . . clearly does not raise the underlying judgment." *See Crown Serv. Plaza Partners v. City of Rochester Hills*, 215 F.3d 1325 (6th Cir. 2000).

choice, even if subsequent events reveal the choice to have been unwise." *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012). We find no abuse of the trial court's discretion in finding that Jones's acts stem from his own litigation choices.

Having lost his first motion, Jones filed a Rule 59(e) motion, asking the court to reconsider its Rule 60(b) order. This time, he provided affidavits claiming that his counsel had never received the stipulation filed with the court. The district court declined to consider this as "new evidence" on the grounds that it could have been produced in connection with the Rule 60(b) motion and that the documents were created after the court had denied the Rule 60(b) motion. A party may not use a motion for reconsideration under Rule 59(e) "to re-argue a case" or to present issues that could—and should—have been raised before judgment. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Because that is what Jones has done here, we find no abuse of discretion in the district court's decision.

## III. CONCLUSION

Therefore, finding no abuse of discretion in either of the district court's orders, we AFFIRM.