RECOMMENDED FOR PUBLICATION
*File Name: 22b0003p.06*

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: MURRAY ENERGY HOLDINGS CO.,

　　　　　　　　　　*Debtor*.

No. 21-8014

On Appeal from the United States Bankruptcy Court
for the Southern District of Ohio at Columbus.
No. 2:19-bk-56885—John E. Hoffman, Judge.

Decided and Filed: June 3, 2022

Before: BAUKNIGHT, CROOM, and STOUT, Bankruptcy Appellate Panel Judges.

_____

## COUNSEL

**ON BRIEF:** Scott A. Norcross, KOHRMAN JACKSON & KRANTZ, Cleveland, Ohio, for Appellant. Travis M. Bayer, DINSMORE & SHOHL LLP, Cincinnati, Ohio, Kara Hammond Coyle, Shane M. Reil, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware, for Appellee.

_____

## OPINION

_____

SUZANNE H. BAUKNIGHT, Bankruptcy Appellate Panel Judge.

In this appeal, creditor Penn Line Service, Inc. ("Penn Line") argues that the bankruptcy court abused its discretion when it denied Penn Line's application for an administrative expense claim and related motion for reconsideration and sustained Debtor's objection to Penn Line's proofs of claim without allowing Penn Line an opportunity to conduct discovery or hold an evidentiary hearing.

Because the Panel finds that the bankruptcy court did not abuse its discretion in denying Penn Line's motion for reconsideration, and Penn Line did not appeal the original order denying its administrative expense or the order sustaining the objection to claims, the Panel AFFIRMS the judgment of the bankruptcy court.

## ISSUE ON APPEAL

The sole issue[1] in this appeal is whether the Bankruptcy Court properly applied the relevant standards in rendering its findings and conclusions and issuing its Order Denying Penn Line Service, Inc.'s Motion to Reconsider Orders Dated April 16, 2021, Entered April 19, 2021, Denying Penn Line Service, Inc.'s Application for Allowance of Administrative Expense Claims, and Granting Debtor's Sixth Omnibus Objection to Certain Incorrectly Filed Priority Claims.

## JURISDICTION AND STANDARD OF REVIEW

Because the United States District Court for the Southern District of Ohio has authorized appeals to the Panel and no party has timely elected to have this appeal heard by the district court, the Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. 28 U.S.C. § 158(b)(6), (c)(1).  Pursuant to 28 U.S.C. § 158(a)(1), final orders of the bankruptcy court may be appealed as of right.  "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686 (2015)).  "An order denying an application for an administrative expense is a final order . . . [and] is reviewed for an abuse of discretion." *In re Appalachian Fuels, LLC*, 493 B.R. 1, 6 (B.A.P. 6th Cir. 2013) (citing *UMW 1974 Plan & Tr. v. Lexington Coal Co.* (*In re HNRC Dissolution Co.*), 396 B.R. 461, 465 (B.A.P. 6th Cir. 2008) (holding an order denying an application for an administrative expense is a final order because it resolves the issue and leaves nothing else for the bankruptcy court to do)).  Likewise, a bankruptcy court "order sustaining an objection to a creditor's claim is a final order." *In re Bowers*, 506 B.R. 249, 251 (B.A.P. 6th Cir. 2013) (citation omitted), *aff'd*, 759 F.3d 621 (6th

---

[1]As will be explained in the Discussion section *infra*, the other issues raised by the appellant are not properly before the Panel.

Cir. 2014).   An order denying a motion under Federal Rule of Civil Procedure[2] 60(b) is also a final order that is reviewed on appeal for an abuse of discretion. *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

"An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *In re Appalachian Fuels, LLC*, 493 B.R. at 6 (quoting *Kaye v. Agripool, SRL (In re Murray, Inc.)*, 392 B.R. 288 (B.A.P. 6th Cir. 2008)).   "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Id.* (quoting *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 608 (6th Cir. 2000)).

## FACTS

Penn Line filed six proofs of claim seeking an administrative expense priority related to services provided to specific debtors in jointly administered bankruptcy cases.[3]  Debtors objected to Penn Line's proofs of claim ("Objection to Claims"), asserting that "[t]he reclassified amounts are on account of labor and service charges listed on the claim which do not constitute a good under section 503(b)(9) and goods listed on the claim which were received outside of the proscribed 20-day receipt period under section 503(b)(9) thus not entitled to administrative priority." (*In re Murray Energy Holdings Co.*, Bankr. Case No. 2:19-bk-56885, ECF No. 1903-1 at 12.[4])  Penn Line filed its Response and Opposition to Debtors' Sixth Omnibus Objection to Certain Incorrectly Filed Priority Claims [Doc. 1903 and 1904] ("Claims Objection Response"),

---

[2]The Federal Rules of Civil Procedure will be referred to as "Rule ___."

[3]Pursuant to the Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief [Related to Docket Nos. 2, 63] entered on November 1, 2019, *In re Murray Energy Holdings Co.*, *et al.*, Bankr. Case No. 2:19-bk-56885, was designated as the lead case for ninety-eight jointly administered bankruptcy cases. (ECF No. 112.) The proofs of claim objected to were filed as to the following individual Debtors: (1) The Monongalia County Coal Company, claim 2721 for $1,056,171.53; (2) The Marshal County Coal Company, claim 2546 for $12,054.07; (3) The Marion County Coal Company, claim 2206 for $156,059.08; (4) The Ohio County Coal Company, claim 2505 for $8,846.39; (5) The Harrison County Coal Company, claim 2550 for $81,5008.32; and (6) Murray American Energy, Inc., claim 2934 for $19,052.72.

[4]References to the Bankruptcy Court docket will be designated "ECF No. __."  References to the BAP docket will be designated as "BAP ECF No. __."

after which Penn Line filed an Application for Allowance of Administrative Expense Claims ("Administrative Expense Application"). Penn Line did not request a hearing at the time of filing either pleading. Several months later, Drivetrain, LLC, the Plan Administrator ("Plan Administrator"), responded in opposition to Penn Line's Claims Objection Response and Administrative Expense Application, resulting in the scheduling of a hearing on both contested matters six days later, on March 18, 2021 (the "March 18 Hearing").

To prepare for the March 18 Hearing, a member of the bankruptcy judge's chambers staff contacted counsel for Penn Line on March 17, 2021, asking whether Penn Line intended to present witnesses at the March 18 Hearing. Penn Line's counsel informed chambers that no witnesses would testify and that Penn Line intended only to present legal argument.[5] Penn Line offered no witnesses at the March 18 Hearing, instead restating its primary argument that it was a critical vendor based on a theory of "implied assumption." Penn Line also acknowledged that it was raising a new argument: that perhaps the work for which it filed its proofs of claim was performed postpetition. Penn Line did not request that the March 18 Hearing be continued or seek additional time to conduct discovery. At the conclusion of the March 18 Hearing, the bankruptcy court ruled that the "implied assumption" theory is not a valid basis for allowing an administrative expense claim. The court also rejected Penn Line's new argument that the work had been performed postpetition.

The bankruptcy court then entered two orders dated April 16, 2021[6]: (1) a Supplemental Order granting the Objection to Claims ("Claims Objection Order"), which sustained the debtors' objections to Penn Line's claims and reclassified the priority status of those claims (ECF No. 2645); and (2) an Order denying with prejudice Penn Line's Administrative Expense Application ("Administrative Expense Order") (ECF No. 2646). Ten days later, Penn Line filed

---

[5]The March 18 Hearing occurred during the COVID-19 pandemic when courts primarily were operating remotely, and the bankruptcy court explained that the chambers inquiry was necessary because the court proceeded via CourtSolutions for telephonic arguments, but if witnesses were to be present and examined, the court used Zoom.

[6]The orders were dated and filed on April 16, 2021, but not entered on the bankruptcy court's docket until April 19, 2021. (*See* ECF Nos. 2645, 2646.)

a motion to reconsider both the Claims Objection Order and the Administrative Expense Order ("Motion for Reconsideration"). (ECF No. 2655.)

In support of its Motion to Reconsider, Penn Line first argued, under Federal Rules of Bankruptcy Procedure[7] 8002(b) and 9024 and Rule 60(b), that the bankruptcy court erred by "mistake or inadvertence" when it "ignore[ed] Penn Line's attempt to conduct discovery and present additional evidence [at the March 18 hearing], and . . . premature[ly] enter[ed] a dispositive order, despite no dispositive motion being filed . . . [rather than] simply allowing Penn Line to conduct discovery and engage in an evidentiary hearing at a future date once discovery [was] completed." (*Id.* ¶ 10.) Penn Line also asserted that additional evidence had been discovered and attached an affidavit of its Vice President, Sam Liston ("Liston Affidavit"). (*Id.* ¶ 14.) Additionally, Penn Line argued that the notice of hearing on the Objection to Claims, which expressly stated that the March 18 Hearing was not an evidentiary hearing, conflicted with the Third Amended Order Implementing Certain Notice and Case Management Procedures [Related to Docket Nos. 22, 113, 764, and 1103] that the bankruptcy court had entered on February 9, 2021 ("Case Management Order"). (ECF No. 2517.) Penn Line asserted that although the Case Management Order advised that "[e]very hearing is presumed to be an evidentiary hearing at which witnesses may testify," the Notice of Amended Agenda for Telephonic Hearing on Matters Scheduled for March 18, 2021 (ECF No. 2621), filed two days before that hearing, did not "clearly denote that the matter was scheduled as an evidentiary hearing." (ECF No. 2655 ¶¶ 16, 18-19.) Penn Line also argued that it was "suggested [during the March 17, 2021 telephone call from chambers asking whether Penn Line would present any witnesses at the March 18 Hearing] that while the Court would treat the March 18, 2021 hearing as an opportunity to present evidence, the Court would allow for further evidence to be introduced as needed." (*Id.* ¶ 20.) Penn Line next argued that six days' notice of the March 18 Hearing was "insufficient time to complete any sort of discovery and line up evidence and witnesses." (*Id.* ¶ 23.) Finally, Penn Line argued that the bankruptcy court improperly concluded that there were no material facts and treated the March 18 Hearing "as an almost dispositive summary judgment motion [when] no motion for summary judgment" had been filed

---

[7]The Federal Rules of Bankruptcy Procedure will be referred to as "Bankruptcy Rule __."

and that, in any event, it was "premature for the Court to determine the merits at th[at] stage, and the parties should [have] been permitted a limited time to complete discovery, have an evidentiary hearing," and then be allowed to file any necessary briefs and dispositive motions. (*Id*. ¶¶ 29-30.)

The bankruptcy court heard the Motion for Reconsideration on May 20, 2021 ("May 20 Hearing"), at which Penn Line's counsel conceded that he had not raised the issue concerning the non-evidentiary nature of the March 18 Hearing at that hearing nor had he expressed at the March 18 Hearing his understanding from chambers that he would have an opportunity to present evidence at a later date. (Tr. of May 20, 2021 h'rg at 14:14-16:18, ECF No. 2709.) Penn Line's counsel also acknowledged that the Liston Affidavit did not reflect that Penn Line was not paid for postpetition work. (*Id*. at 17:14-18:9.)[8]

After arguments from Penn Line's counsel and the Plan Administrator, the court ruled from the bench and denied the Motion for Reconsideration because (1) there was no manifest error of fact or law to allow relief under Rule 59; (2) the information in the Liston Affidavit did not constitute newly discovered evidence as required by Rule 60; and (3) the court's previous legal determination that the doctrine of implied assumption was inapplicable was correct. (*Id*. at 18:10-20:10.) The court memorialized its bench ruling in an Order Denying Penn Line's Motion to Reconsider ("Reconsideration Order") dated June 1, 2021.[9] (ECF No. 2690.)

Penn Line timely filed its Notice of Appeal on June 15, 2021. The Notice of Appeal identified the judgment, order, or decree appealed from as the Reconsideration Order, which was the only order attached to the Notice of Appeal. (ECF No. 2697.) The docket text for the Notice of Appeal, however, which was completed by Penn Line's counsel when filing the notice, also identifies through ECF links the Claims Objection Order, the Administrative Expense Order, and the Motion for Reconsideration. (*See* ECF No. 2697 docket text.)

---

[8]Notably, Penn Line's request to present evidence "to bring new evidence before the Court" was to "potentially show, even though it's a small needle to thread, essentially, the ability to potentially have an implied assumption argument." (*Id.* at 8:2-5.)

[9]The order was dated and filed on June 1, 2021, but not entered on the bankruptcy court's docket until June 2, 2021. (*See* ECF No. 2690.)

**DISCUSSION**

A final order entered by the bankruptcy court may be appealed as a matter of right by the filing of a notice of appeal that "must (A) conform substantially to the appropriate Official Form; (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed; and (C) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(1), (3). Once the notice of appeal is filed, the appellant must file "a designation of the items to be included in the record on appeal[**10**] and a statement of the issues to be presented." Fed. R. Bankr. P. 8009(a)(1)(A). The appellee may then file a designation of additional items to be included in the record on appeal. Fed. R. Bankr. P. 8009(a)(2). Because Penn Line did not properly appeal either the Administrative Expense Order or the Claims Objection Order as required by the Bankruptcy Rules, no appeal of those orders was effected and they are not the subject of this appeal. Furthermore, because Penn Line did not properly address in its appellant's brief the Rule 60 standard applicable to a motion for reconsideration, it waived any Rule 60 argument here and, thus, failed to meet the burden of proving that the bankruptcy court abused its discretion when it entered the Reconsideration Order.

A. **The Administrative Expense Order and Claims Objection Order Are Not Properly Before This Court On Appeal.**

Penn Line commenced this appeal by filing its Notice of Appeal on Official Form 417A. In the section entitled "Part 2: Identify the subject of this appeal," Penn Line identified only the Reconsideration Order entered on June 1, 2021, as the order on appeal. Penn Line also attached only the Reconsideration Order to the Notice of Appeal; however, only one of the seven issues on appeal that Penn Line identified addresses the Reconsideration Order.**11** The remaining issues focus entirely on the Administrative Expense Order and Claims Objection Order. Likewise, Penn Line focused its appellant's brief almost entirely on the Administrative Expense Order and

---

**10**Penn Line's Designation of Items to be Included in the Record on Appeal (ECF No. 2712) includes the Administrative Expense Order and the associated pleadings, as well as the transcript of the March 18 Hearing.

**11**Issue number three in Penn Line's Statement of the Issues to be Presented on Appeal states: "Did the Bankruptcy Court properly apply the relevant standards in rendering its findings and conclusions and issuing its Order Denying Penn Line Service, Inc.'s Motion to Reconsider Orders Dated April 16, 2021, Entered April 19, 2021, Denying Penn Line Service, Inc.'s Application for Allowance of Administrative Expense Claims and Granting Debtor's Sixth Omnibus Objection to Certain Incorrectly Filed Priority Claims?" (ECF No. 2713 at 2.)

Claims Objection Order, explaining that "the central issues on appeal are whether the Bankruptcy Court abused its discretion in denying Penn Line's Application and granting Debtor's Objection without providing Penn Line with an opportunity to conduct discovery and without properly scheduling, noticing, and holding an evidentiary hearing[.]" (Appellant's Br. at 10, BAP ECF No. 19.) Concerning the Reconsideration Order, Penn Line simply reiterates the argument from its Reconsideration Motion by arguing that the bankruptcy court's procedural failures and "refusal to revisit its decisions before it in the Motion for Reconsideration was an abuse of its discretion." (*Id*. at 27-28.) Penn Line's brief did not reference either Bankruptcy Rule 9024 or Rule 60 (*see id*. at 27-28), even though Penn Line referenced and relied on both in the Motion for Reconsideration.[12] (ECF No. 2655 ¶¶ 11-15, 34.)

The appeal of a Rule 60(b) order does not automatically raise the merits of the underlying judgment. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978) (citations omitted) ("The Court of Appeals may review the ruling only for abuse of discretion . . . , [but] an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."); *see also A Renewed Mind v. Weatherby*, 675 F. App'x 572, 574 n.1 (6th Cir. 2017) (citation omitted) ("[R]eview of an order disposing of a Rule 60 motion . . . clearly does not raise the underlying judgment."). "This rule has been consistently followed in this circuit." *Hood v. Hood*, 59 F.3d 40, 42 (6th Cir. 1995) (citing cases); *see also In re Bonfiglio*, No. 18-8004, 2018 WL 5295879, at *1 (B.A.P. 6th Cir. Oct. 24, 2018) (quoting *Peake v. First Nat'l Bank & Tr. Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir. 1983)) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review."); *Schwab v. Oscar (In re SII Liquidation Co.)*, 517 B.R. 72, 76 (B.A.P. 6th Cir. 2014) (same). This principle is not altered by Bankruptcy Rule 8002(b), which provides that a motion under Bankruptcy Rule 9023 (incorporating Rule 59) or 9024 tolls the time for filing a notice of appeal of the underlying order. This tolling, however, does not relieve the appellant from complying with the requirements of Bankruptcy Rule 8003 necessary to appeal an order of the court.

---

[12]Penn Line further failed to address Rule 60 in its Reply Brief (BAP ECF No. 23), even after the Plan Administrator's brief on appeal focused most of its argument on Rule 60. (*See* BAP ECF No. 22 at 14-19.)

Penn Line's Notice of Appeal cited to and attached only the Reconsideration Order. It neither cited to nor attached the Administrative Expense Order or Claims Objection Order as required by Bankruptcy Rule 8003(a)(3)(B). It is irrelevant that when filing the Notice of Appeal in the bankruptcy court, Penn Line's counsel linked those underlying orders as relevant documents. Because Penn Line did not file a notice of appeal as to the Administrative Expense Order or Claims Objection Order, neither order was properly appealed under Bankruptcy Rule 8003.

**B.      Because Penn Line Did Not Address Rule 60 In This Appeal, It Has Failed To Meet The Standard For Reconsideration Of A Final Court Order And Cannot Prove That The Bankruptcy Court Abused Its Discretion When It Entered The Reconsideration Order.**

The court may relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (citations omitted). Issues that are not properly developed are waived on appeal. *Church Joint Venture, L.P. v. Bedwell* (*In re Blasingame*), 598 B.R. 864, 873-74 (B.A.P. 6th Cir. 2019) (citing *Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005)).

Far from meeting the burden of proof that it had grounds for relief by clear and convincing evidence or that the bankruptcy court abused its discretion by denying the Motion for Reconsideration, Penn Line did not even address Rule 60 in either its appellant's brief or its reply brief. (*See* BAP ECF Nos. 19, 23.) Instead, Penn Line focused its entire argument on the reasons that the bankruptcy court erroneously entered the Administrative Expense Order and Claims Objection Order, neither of which were actually appealed to this Panel. This is insufficient on appeal to meet any standard or burden of proof as to the Reconsideration Order.

Penn Line's failure to address the Rule 60 standard notwithstanding, the bankruptcy court did not abuse its discretion in denying the Motion for Reconsideration. At the May 20 Hearing, Penn Line argued that the Liston Affidavit constituted "new evidence"; however, the bankruptcy

court disagreed after engaging in a dialogue with Penn Line's counsel.  During the exchange, the bankruptcy court asked counsel when Penn Line had raised the issue of an evidentiary hearing.  Penn Line's counsel conceded:  "I can't point you to anything in the transcript[.]"  (Tr. of May 20, 2021 h'rg 14:14, ECF No. 2709.)  The bankruptcy court also asked Penn Line's counsel to point to anything in the record that constituted more than legal argument; again, Penn Line's counsel responded that it could not.  (*Id*. at 16:19-17:9.)  Then the court asked if there was anything in the Liston Affidavit that suggested "any work done post-petition by Penn Line was not compensated, not paid in full."  (*Id*. at 17:10-13.)  Penn Line's counsel acknowledged that nothing in the Liston Affidavit asserted that Penn Line had performed postpetition work that had not been paid.  (*Id*. at 17-18.)  Based on Penn Line's argument, the bankruptcy court then ruled that Penn Line had not demonstrated a manifest error of judgment regarding the bankruptcy court's legal ruling that the "implied assumption theory" did not provide a basis for granting an administrative expense, that the "new evidence" had been available at the time of the March 18 Hearing, and that the Liston Affidavit did not offer any new evidence to support any assertion that Penn Line had not been paid for postpetition work.  (*Id*. at 18:18-19:20.)

A court does not abuse its discretion by denying a Rule 60(b) motion that simply rehashes previously raised arguments. *See Dassault Sys., SA v. Childress*, 828 F. App'x 229, 249 (6th Cir. 2020) (citing *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 544 (6th Cir. 2004) (affirming the denial of a Rule 60(b) motion for reconsideration that reiterated arguments the court had rejected on a number of occasions); *Erby v. Kula*, 98 F. App'x 405, 407 (6th Cir. 2004) (same)); *see also Hamerly v. Fifth Third Mortg. Co.* (*In re J & M Salupo Dev. Co.*), 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988)) (stating in the context of a Rule 59 motion, "[t]ypically a motion for reconsideration that simply restates the same arguments will be denied").  Here, Penn Line did nothing more than rehash its prior arguments, this time with the aid of an affidavit that it could have obtained before the March 18 Hearing.  The bankruptcy court did not abuse its discretion by denying the Motion for Reconsideration.

## CONCLUSION

For these reasons, we AFFIRM the bankruptcy court's "Order Denying Penn Line Service, Inc.'s Motion to Reconsider Orders [ ] Denying Penn Line Service, Inc.'s Application for Allowance of Administrative Expense Claims and Granting Debtor's Sixth Omnibus Objection to Certain Incorrectly Filed Priority Claims[.]" (ECF No. 2690.)